IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Reconsider Order Granting Defendants' Second Motion to Amend the Scheduling Order** [Docket No. 62; Filed April 19, 2011] (the "Motion"). On April 18, 2011, the Court granted Defendants' Second Motion to Amend the Scheduling Order [Docket No. 57]. *Minute Order* [Docket No. 60]. Shortly after the Court's Order was entered, Plaintiff filed a Response [Docket No. 61] in opposition to Defendants' Motion [#57]. Plaintiff now asks that the Court reconsider its Order in light of the arguments raised in the Response.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are ordinarily limited to the following: "(1) an intervening change in the controlling law; (2) new

evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Thus, a motion to reconsider is typically "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Here, Plaintiff contends that the Court misapprehended the likelihood that extending case management deadlines and resetting the Final Pretrial Conference will cause it "to suffer substantial prejudice." *Motion* [#62] at 2. Plaintiff explains as follows: "Plaintiff has learned through discovery and investigation in this case from Defendants' former employees that Defendants' goal in this litigation is to delay trial and make as much money as possible in the interim (through maximizing Defendants' deceptive sales practices and attacks on Plaintiff) and then either go out of business or file bankruptcy with their ill gotten gains well hidden and/or spent." *Id.*; *see also id.* at 3 ("[T]he Defendants have made it their business to attack and harm the Plaintiff's business operations, and the longer this case takes to get to trial, the more prejudice Plaintiff will suffer.").

The Court finds Plaintiff's argument unavailing. Simply put, it is not unusual for one party to have strong interests in seeing a case proceed to trial as quickly as possible while another party has strong interests in advancing the case more slowly. The Court must balance these competing interests while also ensuring the efficient use of its resources. Complex case management schedules involving myriad deadlines do not serve the Court's, and the public's, interest in judicial economy. Such schedules often lead to confusion and result in the need for frequent Court action, both in the form of judicial orders when parties

miss deadlines and informal telephone and email contact with counsel. In this case, Plaintiff advocates a more complicated case management schedule than that ordered by the Court. Although the Court understands Plaintiff's interest in seeing this case advance rapidly, it has found good cause for the extension of deadlines requested by Defendants. The Court notes Plaintiff's position for the record, and it will be mindful of this position should Defendants request further extensions of time in the future.

IT IS HEREBY **ORDERED** that the Motion [#62] is **DENIED**.

DATED: April 25, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge