IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION,
a Colorado limited liability company,

     Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, d/b/a ARMSTRONG
STEEL CORPORATION,

     Defendants.

---

## ORDER

---

ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendants' **Oral Motion to Compel Production of Plaintiff's Audio Files** (the "Oral Motion") made during the telephonic discovery hearing held on May 27, 2011. *Courtroom Minutes/Minute Order* [Docket No. 65]. Defendants seek to compel production of all audio recordings of any telephone calls between Plaintiff's employees and Plaintiff's customers or potential customers that took place during the period from January 2009 to the present. The Court took the Oral Motion under advisement and ordered Plaintiff to "provide a written notice, supported by affidavits, explaining the burden and cost of producing" the requested audio recordings. *Id.* The Court also ordered Defendants to provide a written response to Plaintiff's notice. *Id.* Plaintiff's Notice [Docket No. 69-1] and accompanying Affidavits [Docket Nos. 69-2, 69-3, 69-4 & 69-7], Plaintiff's Memorandum in Opposition to the Oral Motion [Docket No. 69-5],

and Defendants' Response [Docket No. 69-8] are attached to this Order.

## I. Summary of the Case

Plaintiff and Defendant Atlantic Building Systems, LLC d/b/a Armstrong Steel Corporation (hereinafter, "Armstrong") are competitors in the market for selling pre-engineered steel buildings. Plaintiff claims that Defendants have unlawfully engaged in false and misleading advertising and deceptive sales practices. Specifically, Plaintiff alleges that Defendants have used Plaintiff's name and appropriated Plaintiff's marketing efforts and goodwill to obtain business for Armstrong. *Scheduling Order* [Docket No. 20] at 2. Defendants counterclaim that Plaintiff has unlawfully engaged in commercial disparagement, deceptive trade practices, and unfair competition. *Answer to Amended Complaint and Counterclaims of Defendants* [Docket No. 23]. Specifically, Defendants allege that Plaintiff's employees disparage Armstrong during sales calls with potential customers. *Id.*

During the discovery process related to Defendants' counterclaims, Defendants served a request for production on Plaintiff seeking "all audio recordings of any sales calls, or other communication by phone, between General Steel employees and General Steel customers or potential customers since January 2009." *Plaintiff's Memorandum* [#69-5] at 1. Plaintiff responded that this request is unduly burdensome in light of Defendants' thin allegations of commercial disparagement. *Id.* at 1-2. In support of their counterclaim for commercial disparagement, Defendants have identified only two "persons who allegedly were the recipients of disparaging statements [made] by General Steel" employees. *Id.* at 2; *Defendants' Response to Plaintiffs' Interrogatories, Requests for Admission, and*

*Request for Production of Documents* [Docket No. 69-6] at 10-11. Defendants also have not specified any damages incurred as a result of the alleged commercial disparagement. *Defendants' Response to Plaintiffs' Interrogatories, Requests for Admission, and Request for Production of Documents* [#69-6] at 12. In light of this, Plaintiff asserts that the burden of producing the requested audio recordings outweighs any potential benefit to Defendants. Accordingly, Plaintiff contends that Defendants' Oral Motion should be denied.

## II. Findings of Fact Regarding the Burden of Producing Audio Recordings

1.  The audio recordings sought by Defendants were created by a custom software program for telephone recording purchased by Plaintiff in 2008. *Affidavit of Ron Prouse* [Docket No. 69-2] at 2, ¶ 5.

2.  Plaintiff's current recorded call data is approximately 1,551,652 files totaling 300 gigabytes. *Id.* at 2, ¶ 7.

3.  In March 2011, Plaintiff's Director of Information Technology, Ron Prouse, determined that Plaintiff has approximately 463,000 recorded telephone calls made to and from its sales extensions. *Id.* at 3, ¶ 8. It is unclear whether this number is the total number of calls made between 2009 and March 2011 or the total number of calls made between the date of installation of Plaintiff's custom call recording software and March 2011. As of today's date, the total number of recorded calls in Plaintiff's possession is more than 463,000, but an exact number is unknown. *Id.*

4.  The recorded calls in Plaintiff's possession include sales calls, calls between Plaintiff's representatives and its attorneys, and non-sales calls. *Id.* at 3, ¶ 10.

5.  Plaintiff does not know how to search its recorded calls to locate only those calls which relate to sales. Plaintiff did not purchase any modules or other products from the manufacturer of its call recording software that would enable searching of the recorded call database. Accordingly, the only method of sorting the recorded call database known to Plaintiff is by listening to every recorded call. *See id.* at 4, ¶ 11; *Supplemental Affidavit of Ron Prouse* [Docket No. 69-7] at 2, ¶¶ 3, 6 & 7.

### III. Analysis

Fed. R. Civ. P. 26(b)(2)(B) provides as follows:

A party need not provide discovery of electronically stored information [hereinafter, "ESI"] from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the Court may nonetheless order discovery from such sources if the requesting party shows good cause . . . . The Court may specify conditions for the discovery.

In this case, the Court finds that Plaintiff has shown that the audio recordings sought by Defendants are not reasonably accessible because of undue burden. Plaintiff has adequately demonstrated, with affidavits, that it is unable to use software to separate relevant recorded sales calls from all other recorded calls. Assuming that each recorded call in Plaintiff's database is just one minute long, listening to 463,000 calls would require 7,716 hours. *See Affidavit of Ron Prouse* [#69-2] at 4, ¶ 12. Thus, working 40 hours per week, a person would need 193 weeks – nearly four years – to listen to every recorded call. *See id.* Accordingly, the Court finds that Plaintiff has adequately demonstrated that listening to its entire database of recorded calls would be unduly burdensome. Moreover, although Plaintiff does not specifically address the cost of listening to all of its recorded calls, the Court finds that such cost is prohibitive. Even assuming that an individual could be hired at minimum wage ($7.36 per hour in Colorado, *see* 7 Colo. Code Regs. § 1103-1) to listen to the calls, a simple calculation shows that the cost of this project in wages alone would be more than $56,000.00. Finally, the fact that some telephone calls protected by the attorney-client privilege are intermingled with relevant sales calls in Plaintiff's database makes allowing a neutral third-party to listen to and sort the calls problematic. The Court

-4-

concludes that the recorded sales calls sought by Defendants are not reasonably accessible because of undue burden and cost. *See Semsroth v. City of Wichita*, 239 F.R.D. 630, 637 (D. Kan. 2006) (noting that an electronic storage medium can be classified as inaccessible if it cannot be searched for relevant data); *EEOC v. Boeing Co.*, No. CV 05-03034-PHX-FJM, 2007 WL 1146446, at *3 (D. Ariz. Apr. 18, 2007) (unreported decision) (noting that the court had previously denied a motion to compel production of emails because the estimated $55,000.00 cost of production was too high); *Rodriguez-Torres v. Gov't Dev. Bank of Puerto Rico*, 265 F.R.D. 40, 44 (D.P.R. 2010) (denying a motion to compel production of ESI because the estimated $35,000.00 cost of production was too high); *Johnson v. Nieman*, No. 4:09CV00689 AGF, 2010 WL 4065368, at *1 (E.D. Mo. Oct. 18, 2010) (unreported decision) (finding that production of ESI would be unduly burdensome because it would require more than 15,000 hours of cataloging, restoration, and file conversion work).

In light of the burden and cost set forth above, the Court finds that Defendants have not shown good cause for ordering production of the audio recordings. "Even if the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence, [Defendants do not] explain why the extensive amount of information [they] seek is of such importance that it justifies imposing an extreme burden on [Plaintiff]." *Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, No. 08-C-828, 2011 WL 1527025, at *1 (E.D. Wis. Apr. 20, 2011) (unreported decision). "Courts should not countenance fishing expeditions simply because the party resisting discovery can afford to comply." *Id.* Moreover, an alternate means of obtaining the information sought may be available. *See*

Fed. R. Civ. P. 26(b)(2) advisory committee's note (2006 Amendment) (stating that it is appropriate for a court to consider "the quantity of information available from other and more easily accessed sources" when determining whether a party has shown good cause to compel production of ESI despite the fact that it is not reasonably accessible). Defendants have provided no explanation as to why they cannot canvass Plaintiff's past and current customers in order to discover information about Plaintiff's employees's statements during sales calls. *See Johnson*, 2010 WL 4065368, at *2 (stating that the fact that a party seeking to compel production of ESI "has not made a showing that he will be unable to obtain the information requested from other, more easily accessed sources and he cannot predict with any certainty whether a search of the [ESI] will yield relevant, useful information or how much" is a factor that favors denying the motion to compel); *see generally Diesel Machinery, Inc. v. Manitowoc Crane Group*, No. CIV 09-4087-RAL, 2011 WL 677458, at *3 (D.S.D. Feb. 16, 2011) (unreported decision) (denying a motion to compel production of ESI because "a more convenient, less burdensome, and less expensive source" of the same information existed). Accordingly,

IT IS HEREBY **ORDERED** that Defendants' Oral Motion is **DENIED**.


DATED: June 15, 2011 at Denver, Colorado.


BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge