IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION,
a Colorado limited liability company,

      Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as
ARMSTRONG STEEL CORPORATION,

      Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Reconsider Order Denying Defendants' Oral Motion to Compel Production of Plaintiff's Audio Files** [Docket No. 71; Filed June 17, 2011] (the "Motion").  Plaintiff filed a Response [Docket No. 73] in opposition to the Motion on June 21, 2011.  On June 15, 2011, the Court denied Defendants' Oral Motion to Compel Production of Plaintiff's Audio Files. *Order* [Docket No. 69].  Defendants seek reconsideration of this Order [#69] because (1) when taken together with a prior Minute Order [Docket No. 54], it has the effect of precluding them from obtaining information that the Court has recognized as relevant and discoverable, and (2) they were not afforded the opportunity to respond to assertions in Plaintiff's Memorandum [Docket No. 70-3].

A motion for reconsideration "is an extreme remedy to be granted in rare

circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are ordinarily limited to the following:  "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Thus, a motion to reconsider is typically "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Here, Defendants contend that the Court misapprehended their ability to "discover information about Plaintiff's employees' statements during sales calls" by canvassing Plaintiff's past and current customers. *Order* [#69] at 6.  Defendants argue that they in fact cannot canvass Plaintiff's past and current customers because they simply do not know who these customers are. *Motion* [#71] at 3 ("Defendants had and have no comprehensive list of Plaintiff's customers, nor any way to obtain such a list.").  Defendants made an effort to learn the identities of Plaintiff's customers by serving the following interrogatory on Plaintiff: "Identify, including name and contact information, each person or entity to which General Steel has sold products or services to since 2007." *Id.* at 2 n.1.  When Plaintiff objected to this interrogatory, Defendants made an oral motion to compel a response during a telephonic discovery hearing held on February 24, 2011. *Courtroom Minutes/Minute Order* [#54].  The Court denied this oral motion. *Id.* Defendants now argue that because they are precluded from obtaining a list of Plaintiff's customers directly from Plaintiff in response to an interrogatory, they have no other means of identifying Plaintiff's

customers. Thus, Defendants argue, the Court should reconsider one basis for its Order [#69], i.e., the notion that Defendants have a practical means to obtain information about Plaintiff's employees' statements during sales calls other than actually listening to recordings of such calls.

Defendants' argument is unpersuasive. As an initial matter, the Court's statement that "Defendants have provided no explanation as to why they cannot canvass Plaintiff's past and current customers in order to discover information about Plaintiff's employees' statements during sales calls" was merely one basis for its decision to deny Defendants' oral motion to compel. *Order* [#69] at 6. The Court primarily based its decision on its findings that (1) production of audio recordings of Plaintiff's telephone calls would be unduly burdensome and expensive, and (2) Defendants did not sufficiently "'explain why the extensive amount of information [they] seek is of such importance that it justifies imposing an extreme burden on [Plaintiff].'" *Id.* at 5 (quoting *Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, No. 08-C-828, 2011 WL 1527025, at *1 (E.D.Wis. Apr. 20, 2011) (unreported decision)). Standing alone, these two findings sufficiently justify the Court's Order [#69].

Moreover, the fact that the Court denied Defendants' motion to compel a response to a very broad interrogatory seeking a list of all of Plaintiff's customers for the past four years, *Minute Order* [#54], does not establish that the Court has foreclosed all avenues by which Defendants may request customer information from Plaintiff. For example, Defendants could serve more narrowly tailored interrogatories or question Plaintiff's representative about customer information during a deposition conducted pursuant to Fed. R. Civ. P. 30(b)(6). The Court also notes that Plaintiff and Defendants are competitors in the same market. It is therefore likely that Defendants have at least some idea of the

identities of some of Plaintiff's customers and potential customers. The Court's prior Order [#54] does not hinder Defendants' ability to make their own investigative efforts.

Defendants' second argument, i.e., that they were not afforded an adequate opportunity to respond to the arguments in  Plaintiff's Memorandum, is also unavailing. Simply put, the Court was not required to permit Defendants to reply to Plaintiff's arguments before ruling on their oral motion to compel. D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Moreover, Defendants have not attempted to assert legitimate legal or factual grounds on which they would have opposed Plaintiff's persuasive arguments that production of the audio recordings is simply too burdensome.  Simply arguing that they should have been given an opportunity to respond to Plaintiff's Memorandum without at least suggesting the substantive basis for such a response is unpersuasive.

As a final matter, the Court notes that Defendants' purported need to listen to audio recordings of Plaintiff's sales calls has been seriously eroded in the time since Defendants made their oral motion to compel on May 27, 2011.  Defendants sought the audio recordings in order to discover information relevant to their counterclaims.  On June 10, 2011, District Judge Phillip A. Brimmer dismissed Defendants' "first counterclaim for commercial disparagement, second counterclaim for deceptive trade practices, and fourth counterclaim for civil conspiracy." *Order* [Docket No. 67] at 14. Defendants' only remaining counterclaim is for "tortious interference with prospective business advantage." *Id.* at 10. While Plaintiff's employee's statements made during sales calls may be relevant to this counterclaim, this potential relevance is a thin reed upon which to rest a request for production of more than 463,000 recorded telephone calls. *See Order* [#69] at 3.  In short,

the rationale set forth in the Court's Order [#69] denying Defendants' oral motion to compel

is even stronger in light of Judge Brimmer's dismissal of three counterclaims.

    IT IS HEREBY **ORDERED** that the Motion [#71] is **DENIED**.


    DATED: June 22, 2011 at Denver, Colorado.



                        BY THE COURT:

                         s/ Kristen L.  Mix
                        Kristen L.  Mix
                        United States Magistrate Judge