IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01398 PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a
GENERAL STEEL CORPORATION, a Colorado limited liability company,

Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually; and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as
ARMSTRONG STEEL CORPORATION.

Defendants.

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
UNCLEAN HANDS DEFENSE AND MEMORANDUM IN SUPPORT**

Plaintiff General Steel Domestic Sales, LLC ("General Steel"), hereby moves the Court for summary judgment on Defendants' unclean hands defense.

This is a case for trademark infringement, false advertising, unfair competition, and consumer protection act violations by Defendants.  Defendants are competitors of Plaintiff in the pre-engineered steel building business.  Plaintiff claims that Defendants have been infringing Plaintiff's trademark to obtain business through the internet, and misleading the public through their false advertising and deceptive sales pitches and tactics.  Defendants assert a defense of unclean hands based upon evidence that in 2004, General Steel was sued by the Colorado Attorney General for civil consumer protection act violations relating to certain sales practices that Plaintiff was allegedly engaging in during 2002-2003.  As a result of that state court action, General Steel stipulated to an injunction (to not use certain disputed sales practices) in March

2004.  As part of that state court case brought by the Colorado Attorney General, General Steel implemented, *inter alia*, ethics programs and underwent years of third-party call monitoring and oversight by the Colorado Attorney General's Office to ensure compliance with the injunction.

Defendant Chumley worked for Plaintiff during 2004-2005 and later started his own company, Defendant Armstrong Steel.  In this case, Defendants have asserted a generic defense of "unclean hands" by which they seek to dredge up many-years-old alleged misconduct of General Steel and argue that their current deceptive practices cannot be pursued by General Steel because General Steel has unclean hands.

As shown below, under the law governing the "unclean hands" doctrine, Defendants' defense of unclean hands is barred because: (A) old misconduct cannot be dredged up to support an unclean hands defense to a claim directed at recent conduct; and (B) Defendants' discovery responses and testimony show that they have no facts to support that Plaintiff has engaged in any improper conduct regarding the subject matter of this action.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff and Defendants are competitors in the pre-engineered steel building business.  Rule 30(b)(6) Deposition of Armstrong Steel, attached hereto as **Exhibit 1** at 109:14-16.

2. Defendant Ethan Chumley worked for the Plaintiff General Steel for approximately nine months from October 2004 through July 2005.  Affidavit of Jeffrey Knight, CEO of General Steel, at ¶ 2, attached hereto as **Exhibit 2.**

3. Defendant Ethan Chumley subsequently started Armstrong Steel.  Rule 30(b)(6) Dep. at 127:20-128:1, Exh. 1.

4. Armstrong Steel's first sale was made in 2009. Rule 30(b)(6) Dep. at 128:5-9, Exh. 1.

5. Jan Eric Beavers is the Vice-President of Armstrong Steel.  Mr. Beavers worked for General Steel for 7-8 months in 2005-2006.  See, Deposition of Jan Eric Beavers, **Exhibit 3** hereto, at 12:6-9.

6. Plaintiff is alleging in this case, *inter alia*, that Defendants have been engaging in trademark violations targeting General Steel's trademark, false advertising, unfair competition, and deceptive sales pitches. See, Amended Complaint, Doc. 21, First through Fifth Claims for Relief, at pages 12-20.

7. Defendants have asserted their Affirmative Defense no. 9 as follows:

> 9. Plaintiff is not entitled to any relief to the extent it forfeited its right to relief under the doctrines of laches, or <u>unclean hands</u>, waived its right to relief, or is estopped from seeking the relief requested in the Complaint.

See, Answer and Counterclaims at p. 14, Doc. no. 23, dated 10/4/2010 (underscore added).

8. In their written discovery responses in this case, Defendants failed to identify any evidence to support their defense of unclean hands:

> INTERROGATORY NO. 21:
>
> Please IDENTIFY all facts and DOCUMENTS supporting YOUR Affirmative Defenses in YOUR Answer to Amended Complaint filed in this case on October 4, 2010, Document no. 23 at pages 13-14.
>
> RESPONSE TO INTERROGATORY NO. 21:
>
> Subject to and without waiving the foregoing general objections, Defendants state as follows: Defendants have or will produce documents supporting their Affirmative Defenses. In support of Defendants' defense that the Complaint failed to state a claim upon which relief can be granted see Defendant's Motion to Dismiss (Document #17). In support of defenses relating to statements made by Armstrong in its advertising see documents produced in response to Plaintiff's

3

> First Requests for the Production of Documents to Defendants. In support of Defendants' defense of nominative fair use see documents produced in response to Plaintiff's First Requests for the Production of Documents to Defendants setting forth the text of Defendants' advertisements. <u>Documents and facts in support of Defendants' defenses relating to the injury, damage, speculative nature of any damage, and causes thereof done to General Steel, and related to the doctrine of laches and unclean hands, are already in Plaintiff's possession or are in documents that are not in Defendants' possession, control, or custody; such documents have been or will be the subject of discovery requests made by Defendants.</u> Defendants' investigation into the allegations made in this case is ongoing; therefore Defendants reserve the right to supplement their response after additional discovery in this matter.

See, Defendants' Answers dated 12/8/2010 to Plaintiff's Written Discovery, **Exhibit 4** hereto (underscore added). Defendants have never provided any documentary evidence or supplemental facts to support their defense of unclean hands. Plaintiff served the above discovery on Defendants on November 5, 2010, almost eleven months ago. Discovery in this case is now closed as of September 1, 2011 (after two lengthy extensions totaling seven months were provided to Defendants by the Court).

  9. On August 18, 2011, Plaintiff took the Rule 30(b)(6) deposition of Defendant Armstrong Steel and requested that a corporate representative testify about the factual basis for Defendants' affirmative defenses in this case. See, Amended Notice of Rule 30(b)(6) Deposition attached hereto as **Exhibit 5**.

  10. The corporate representative testified at the Rule 30(b)(6) deposition that Armstrong Steel had no factual basis for the unclean hands defense other than: (a) his personal experiences working at General Steel over five years ago; (b) unspecified hearsay; and (c) the fact that the Colorado Attorney General had brought a CCPA suit against General Steel seven years ago. His testimony in this area was as follows:

4

Q. All I'm trying to find out is if you have knowledge of the factual basis for any of these affirmative defenses, Numbers 1 through 10. So just --
A. Bear with me and let me read them.
No. I can speak to Number 9.
Q. Okay. What's -- what's the factual basis for Number 9 that you can speak to?
A. I worked there, at General Steel.
Q. In 2005 and '6, correct?
A. Correct.
Q. So how does that relate to Affirmative Defense Number 9?
A. That relates to it because you guys are accusing Armstrong Steel of doing what General Steel has done, if -- unless I understand (sic) the unclean hands rule. Your business prac- -- our business practice is pale in comparison to yours as far as the deception and the misleading and the flat out ripping off of customers. You guys are accusing us of a CCPA claim, which, in my opinion, is un- -- is unwarranted. You guys had a CCPA judgment against you by the Colorado Attorney General. You guys are still, as far as my knowledge goes, practicing this business practice. If you -- you know, and that's fine. That's your business. But it's saying that one company can't sue another company for using the same business practices because they're illegal.
Q. That's the basis that you know of for the unclean hands defense?
A. Yes, as far as my understanding of it goes.
Q. All right. Now, you testified, I think, yesterday, that you had no current knowledge of General Steel's business practices.
A. Well, I don't work there right now. All I hear is what I hear.
Q. You haven't worked there for -- at General Steel for over five years, correct?
A. Sounds about right.
Q. So you have no personal knowledge of any of General Steel's business practices since, what, early 2006?
A. Personal knowledge, no, but it's a small industry.
Q. Does your company have any other knowledge -- and I'm asking now as the corporate representative -- of General Steel's business practices since early 2006?
A. We have not been privy to all of your customer files like you have been to ours, so I am not aware of anything like that. I'm not saying that Paul or anybody else isn't. I'm just saying that, written testimony or anything like that, the only thing I've heard are from our own customers and from industry -- people in the industry.

…

Q. And by your knowledge, you're speaking of Armstrong Steel's corporate knowledge; you have no knowledge of any other evidence that Armstrong Steel has to support its defense of unclean hands?
MR. GRANT: Object to the form.
A. Other than what I've said and what I've what I've stated here in the last couple of minutes, that's correct.

5

Rule 30(b)(6) Dep. (Designee Jan Eric Beavers – Vice President of Armstrong Steel), Exh. 1 at 58:9-60:14.

11. In January 2004, Plaintiff General Steel was sued by the Colorado Attorney General's Office in a civil suit brought in the Jefferson County, Colorado state district court (2004 cv 143) for alleged violations of the Colorado Consumer Protection Act (C.R.S. § 6-1-101 et. seq.) arising out of sales presentations allegedly used at General Steel during the years 2002-2003. (the "Colorado AG Case").  Knight Aff. ¶ 3, Exh. 2.

12. In March 2004, in the Colorado AG Case, General Steel stipulated to a Preliminary Injunction whereby General Steel agreed that its sales persons would not say certain things in their sales presentations.  *Id.* at ¶ 4.  Per a December 7, 2004 Order, the Preliminary Injunction was made a Permanent Injunction in the Colorado AG Case.  *Id.*

13. In February 2007, General Steel settled the Colorado AG Case. *Id.* at ¶ 5.  There never was a "judgment" against General Steel in the Colorado AG Case.  *Id.*

14. During the pendency of the Colorado AG Case and thereafter until approximately July 2006, pursuant to agreement between General Steel and the Colorado Office of Attorney General, General Steel sales calls with customers were recorded and reviewed by an independent third-party monitoring company selected by the Colorado Office of Attorney General in order to ensure compliance with the injunction and so that General Steel could engage in good business practices.  Throughout the pendency of the Colorado AG Case and thereafter, call recordings were provided by the third-party monitoring company and by General Steel to the Colorado Attorney General.  The Colorado Attorney General has never pursued any violation of the injunction against General Steel.  Defendants' effort to discredit General Steel and use the

6

Colorado AG Case and Injunction to support their unclean hands defense is not legitimate because these actions of General Steel that were the subject of the Colorado AG Case occurred eight to nine years ago.  Knight Aff. ¶ 6, Exh. 2.

## ARGUMENT

The purpose of summary judgment is to determine whether trial is necessary.  *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Under Rule 56(c), summary judgment should be entered ―if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When applying this standard, the court reviews the pleadings and documentary evidence in the light most favorable to the nonmoving party.  *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).  However, to defeat a properly supported motion for summary judgment, there must be evidence on which the jury could reasonably find for the party**.**  *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Speculation, supposition and unsupported factual allegations will not establish an issue of material fact necessitating trial.  *Handy v. Price*, 996 F.2d 1064, 1068 (10th Cir. 1993).

**I.     THE DEFENSE OF UNCLEAN HANDS IS NOT APPLICABLE**

For the reasons shown below, as a matter of law, the defense of unclean hands is not applicable in this case because old misconduct cannot be dredged up to support an unclean hands defense to a claim directed at recent conduct and Defendants' discovery responses and testimony show that they have no facts to support that Plaintiff has engaged in any improper conduct

7

regarding the subject matter of this action.

A. **Past Misconduct Cannot Form the Basis for An Unclean Hands Defense**

The Colorado AG Case and any other alleged conduct of General Steel from years before the filing of this suit cannot form the basis for Defendants' unclean hands defense:

> The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.,* 890 F.2d 165, 173 (9th Cir.1989). However, "[t]he unclean hands maxim is not a search warrant authorizing the defendant to probe into all the possible types of inequitable conduct ever engaged in by the plaintiff. Plaintiff's inequitable conduct is the basis for a valid defense only if it relates in some way to the subject matter in litigation." 6 McCarthy on Trademarks and Unfair Competition (4th ed. 2010) § 31:48. Additionally, past misconduct cannot form the basis for an unclean hands defense: "Plaintiff's position must be judged by the facts existing as they were when suit was begun, not by the facts existing in an earlier time. Defendant cannot dredge up inequitable conduct of plaintiff which had been discontinued for some time prior to suit." *Id.* § 31:55

*Pom Wonderful LLC v. Welch Foods, Inc*., 737 F. Supp. 2d 1105, 1109 (C.D. Cal. 2010). Factual similarity between the misconduct that forms the basis for an unclean hands defense and the plaintiff's allegations in the lawsuit is not sufficient. *Id.* at 1110, citing, *Specialty Minerals, Inc. v. Pluess–Staufer AG,* 395 F.Supp.2d 109, 113 (S.D.N.Y.2005); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 847 (9th Cir.1987). The Defendants' effort to dredge up past misconduct of General Steel must fail as a matter of law.

B. **Defendants Discovery Responses and Testimony Establish That They Have No Facts to Support Their Unclean Hands Defense**

Plaintiff has sought (for the past eleven months) to obtain the factual basis for Defendants' unclean hands defense, through interrogatory no. 21 and through deposition questioning of Defendants. See, SUF ¶¶ 8 and 10. Defendants failed to substantively answer

8

interrogatory no. 21. See, SUF ¶ 8.  Defendants' deposition testimony was that the facts supporting the unclean hands defense were the Colorado AG "judgment"[1] and Defendants' personal experience working at General Steel five to six years ago.  SUF ¶ 10.  These "facts" from many years prior to the filing of this suit and unrelated to any recent conduct of General Steel cannot support the defense of unclean hands.

Moreover, in *Pom Wonderful LLC v. Welch Foods, Inc.*, the court granted summary judgment dismissing the unclean hands defense and found that "[A] second reason why Welch cannot now assert the three claims described above as part of its unclean hands defense is that Welch did not plead them as part of its affirmative defense." 737 F. Supp. 2d at 1111.  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id.*  The court held that it is not enough to simply refer to a doctrine without supporting facts to show its applicability.  *Id.*  Defendants' affirmative defense no. 9 in this case uses the words "unclean hands" and no more.  Defendants then failed to substantively answer the interrogatory seeking factual support for their affirmative defense.  SUF ¶ 8.  In response to deposition questioning, Defendants responded that their understanding of the facts supporting "unclean hands" was that it related to misconduct of Plaintiff occurring years before this suit.  SUF ¶ 10.  Defendants' complete failure to plead facts supporting their affirmative defense of unclean hands and their subsequent failure to answer interrogatory no. 21 and failure to provide factual support at deposition warrants entry of summary judgment on this defense.

---

[1] There was no "judgment" in the Colorado AG Case.  See Knight Aff. at ¶ 5, Exh. 2.  The Colorado AG Case involved a suit and subsequent settlement agreement and consent decree.  *Id.*

9

## CONCLUSION

For the reasons above, General Steel respectfully requests that the Court grant this motion and enter summary judgment dismissing Defendants' defense of unclean hands.

DATED:  October 3, 2011                     Respectfully Submitted,

 /s/ David S. Fein
David S. Fein, Reg. No. 18788
Paul L. Vorndran, Reg. No. 22098
Patrick D. Frye, Reg. No. 30369
Building Services Group, LLC Legal Dept.
10639 Bradford Road
Littleton, CO 80127
Attorneys for Plaintiff

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING UNCLEAN HANDS DEFENSE AND MEMORANDUM IN SUPPORT** was filed and served via the Pacer/ECF System this 3rd day October, 2011 upon the following:

Peter C. Lemire
Jacob W. Paul
Leyendecker & Lemire, LLC
9137 E. Mineral Circle, Suite 280
Centennial, CO 80112
Peter@coloradoiplaw.com
Jake@coloradoiplaw.com

Tiffaney A. Norton
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
E-mail: tnorton@sgrllc.com

Paul M. Grant
Timmins LLC
450 E. 17th Avenue, Ste. 210
Denver, CO 80203
Golden, CO 80401
pg@timminslaw.com

s/ Adam Walczak

11