IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

## ORDER

    This matter is before the Court on defendants' Motion to Dismiss Colorado Consumer Protection Act Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 68]. The motion is fully briefed and ripe for disposition.

    Plaintiff filed its amended complaint on September 10, 2010, asserting eight claims for relief. *See* Docket No. 21. Plaintiff's third claim for relief alleges violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-105. Defendants answered the amended complaint on October 4, 2010. *See* Docket No. 23. On June 14, 2011, despite having already filed an answer, defendant filed the present motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) motions, however, "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The present motion, therefore, must be construed as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Defendants do not explain why the Court should reach its arguments regarding the sufficiency of the complaint's allegations through resolution of a Rule 12(c) motion filed more than nine months after the filing of the amended complaint.  Although the Court, when determining whether a party is entitled to judgment on the pleadings, "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same," *Park University Enterprises, Inc. v. American Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), defendants have since filed a motion seeking summary judgment pursuant to Fed. R. Civ. P. 56 on plaintiff's CCPA claim.  *See* Docket No. 95; *see also* Fed. R. Civ. P. 12(d).  At this stage of the proceedings, the determination of whether defendants are entitled to judgment on plaintiff's CCPA claim is best addressed through resolution of defendants' pending motion for summary judgment upon consideration of the entire record before the Court.[1]

Therefore, it is

**ORDERED** that defendants' motion to dismiss [Docket No. 68] is DENIED.

---

[1]*Cf. Pofe v. Continental Ins. Co. of N. Y.*, 161 F.2d 912, 915 (7th Cir. 1947) ("[W]here a party presents both a motion for judgment on the pleadings and a motion for summary judgment, no distinction need be drawn between them, and the court is justified in relying on all appropriate ground disclosed by any or all papers of record in the case."); 5C Wright & Miller, *Federal Practice & Procedure - Civ*. § 1369 (3d ed. 2011) ("At the time the federal rules were promulgated, the district court's scope of inquiry on a Rule 56 motion may well have been broader than on a Rule 12(c) motion.  The trial judge was not limited to the contents of the pleadings under the former provision and could consider any evidence presented to it, whereas the propriety of using extra-pleading material under Rule 12(c) was unclear.  Any possible distinction between the two motions on this ground was eliminated by the 1948 amendment to Rule 12(c). The changes that year provided that if material outside the pleadings is presented on a motion under Rule 12(c), the court has discretion to consider the material submitted, to give all the parties an opportunity to present extra-pleading material, and to treat the motion as if it had been brought under Rule 56.").

DATED November 29, 2011.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge