IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, d/b/a ARMSTRONG STEEL CORPORATION,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion for Reconsideration of Orders Granting Plaintiff's Oral Motion to Re-Open Discovery** [Docket No. 156; Filed March 14, 2012] (the "Motion to Reconsider") and Defendants' **Motion to Stay Orders Granting Plaintiff's Oral Motion to Re-Open Discovery** [Docket No. 157; Filed March 14, 2012] (the "Motion to Stay"). Defendants ask the Court to stay Plaintiff's deposition of Defendant Armstrong Steel Corporation's former employee David Nardozzi and to reconsider and deny Plaintiff's oral Motion to Re-Open Discovery (the "Oral Motion"), which the Court granted by Minute Orders dated March 9, 2012. [#153, #154].[1]

    A motion for reconsideration:

> is an extreme remedy to be granted in rare circumstances. It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. Therefore, a motion to reconsider is appropriate [only] where the court had misapprehended the facts, a party's position, or the controlling law.

---

[1] The Court may rule on a motion at any time. D.C.COLO.LCivR 7.1C.

*Cont'l Materials Corp. v. Affiliated FM Ins. Co.*, No. 10-cv-02900-JLK-KLM, 2012 WL 764466, at *1 (D. Colo. Mar. 8, 2012) (internal quotes and citations omitted).

Defendants contend that reconsideration of the order permitting Mr. Nardozzi's deposition is appropriate because of "new evidence" relating to Plaintiff's ability to obtain an affidavit from Mr. Nardozzi [#156-4, Ex. D] and the fact that allowing Plaintiff to depose Mr. Nardozzi "will not lead to the discovery of additional relevant evidence." *Motion to Reconsider* [#156] at 6. Defendants urge the Court to "assess Mr. Nardozzi's credibility and honesty to determine whether he has anything important to offer regarding this case or whether Plaintiff and Mr. Nardozzi simply desire to take Defendants on a time-consuming and expensive detour." *Id.*

Defendants' assertions lack merit. First, although Plaintiff has apparently been able to obtain testimony from Mr. Nardozzi by affidavit since the Court ordered that Plaintiff could take his deposition, the existence of the affidavit does not affect the Court's determination that limited re-opening of discovery to allow the taking of his deposition is appropriate pursuant to *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). As explained in detail during the hearing on the oral Motion, four of the six factors to be used in determining whether to reopen discovery for this limited purpose favor allowing the deposition: 1) Defendant would not be substantially prejudiced by the four-hour deposition permitted to be taken by Plaintiff at its cost; 2) Plaintiff was diligent in attempting to obtain discovery within the guidelines established by the Court; 3) the need for Mr. Nardozzi's deposition was not foreseeable; and 4) Mr. Nardozzi's deposition is likely to lead to the discovery of admissible evidence. *See id.*

Second, despite Defendants' contention that Mr. Nardozzi lacks credibility and his testimony regarding alleged spoliation of evidence is vague and/or false, the Court is not inclined to judge Mr. Nardozzi's credibility on the basis of his affidavit or on the self-serving affidavit of Mr. Heitbrink [#156-3, Ex. C] and alleged inaccuracies in Mr. Nardozzi's "Linked In" website page [#156-5, Ex. E]. Mr. Nardozzi's credibility will best be assessed by the parties through his presentation of sworn testimony at a deposition. Assessment of his credibility by the Court on the basis of writings is ill-advised. *See generally Hightower-Henne v. Gelman*, No. 11-cv-01114-KMT-BNB, 2012 WL 95208, at *1 (D. Colo. Jan. 12, 2012) (noting that the best opportunity to assess the credibility of witnesses occurs during live testimony); *United States v. Neal*, No. 11-cr-00163-WJM, 2011 WL 4829664, at *1 (D. Colo. Oct. 12, 2011) (same).

Thus, Defendant has failed to establish that there has been a change in controlling law, new evidence or a need to correct clear error or to prevent manifest injustice. *Cont'l Materials Corp.*, 2012 WL 764466, at *1. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Reconsider [#156] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Stay [#157] is **DENIED as moot.**

Dated: March 15, 2012