IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, d/b/a ARMSTRONG STEEL CORPORATION,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to Amend Final Pretrial Order** [Docket No. 146; Filed February 23, 2012] (the "Motion"). On March 19, 2012, Defendants filed a Response [#160], and on April 4, 2012, Plaintiff filed a Reply [#181]. The Motion is thus ripe for resolution.

## I. Background

    On November 17, 2011, the Court held a Final Pretrial Conference and entered a Final Pretrial Order [#119]. In short, Plaintiff seeks to amend the Final Pretrial Order: (1) "to add significant documents that Defendants have posted on the Internet since the time of the November 17, 2011 Final Pretrial Conference" to its Exhibit List; (2) "to add six witnesses who are all customers of Defendant Armstrong Steel" to its Witness List; and (3) "to add as exhibits the documents related to [these witnesses'] transactions." *Motion* [#146]

at 1. The Court addresses the specifics of each request in more detail below.

## II. Standard

The Final Pretrial Order serves the purpose of "insur[ing] the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). As such, the Federal Rules of Civil Procedure permit the amendment of a Final Pretrial Order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also Final Pretrial Order* [#119] at 8. The party seeking to amend the Final Pretrial Order bears the burden of establishing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The decision to allow such an amendment rests within the sound discretion of the trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the Tenth Circuit has directed that courts be guided by the following factors: (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the pretrial order. *Koch*, 203 F.3d at 1222.

## III. Analysis

**A. Addition of Exhibit Nos. 95-98**

Plaintiff seeks leave to add as trial exhibits the following four sets of documents:

1) Exhibit No. 95: "Compilation of internet articles purportedly authored by General Steel, Jeff Knight, Nathan Wright, or variations thereof (GS01164-1274)," which Plaintiff states are false and defamatory and were actually published by Defendants;

2) Exhibit No. 96, "May the Best Building Win Armstrong website page (GS01275-1277)," which Plaintiff states is a current website page of Defendant Armstrong Steel which demonstrates "its current use of General Steel's trademark and contain[s] false comparisons to General Steel;"

3) Exhibit No. 97, "General Steel vs. Armstrong Steel website page (GS1278-1281)," which Plaintiff states is a website page of Defendant Armstrong Steel which demonstrates "its current use of General Steel's trademark and contain[s] false comparisons to General Steel;" and

4) Exhibit No. 98, "Compilation of Armstrong Steel website blog pages since 11/17/11 (GS01282-1352)," which Plaintiff states shows "Defendants' extensive illegal use of General Steel's name."  *See Motion* [#146] at 2; *Ex. 5 to Motion* [#146-5] ("Plaintiff's Amended Exhibit List") at 13.

Plaintiff asserts that Exhibit Nos. 95-98 are documents that were posted to the internet only after the Final Pretrial Order was entered on November 17, 2011. *See Motion* [#146] at 1.  Plaintiff argues that it would be manifestly unjust to disallow Plaintiff's use of these "significant documents" that were posted online after the Final Pretrial Conference was held.  *Id.* at 9.  This is especially true, Plaintiff contends, because "Defendants have continued and escalated their illegal conduct during the pendency of this case and after the Final Pretrial Conference."  *Id.*

Defendants argue, without expansion of such argument, that Exhibit Nos. 95-98 are irrelevant to Plaintiff's claims.  *See Response* [#160] at 9.  Even if relevant, Defendant

continues, the documents are cumulative of those already listed as exhibits.[1] Defendant avers that Plaintiff failed to establish the necessity of adding "more of the same documents" to the exhibit list and what specific manifest injustice would otherwise result. *See id.*

Considering the first two *Koch* factors, which address the potential prejudice to Defendants, the Court finds that there would be no surprise to Defendants, as Defendants have explicitly admitted that these documents are "cumulative of those already listed as exhibits" and because these are documents purportedly authored in whole or in part by Defendants. *Response* [#160] at 9. Defendants have not asserted any other prejudice to which they may be subject with respect to Exhibit Nos. 95-98. Accordingly, without prejudice, there would be no need to cure if the Court were to allow amendment of the Final Pretrial Order to allow these exhibits. Regarding the third *Koch* factor, the Court finds that the orderly and efficient trial of the case will not be disrupted. Although the Trial Preparation Conference is set for April 27, 2012 and the Jury Trial is set for May 14, 2012, Defendant's assertion that these four documents are cumulative of those already on Plaintiff's Exhibit List as set forth in the Final Pretrial Order demonstrates that the imminent trial need not be disrupted. Finally, the Court finds no bad faith on the part of Plaintiff, as these are documents allegedly created or made public after the Final Pretrial Order was entered on November 17, 2012.

Considering all of the *Koch* factors and that these documents were created or published on the internet since the Final Pretrial Order was entered on November 17, 2012, the Court finds that Plaintiff has shown that manifest injustice would occur were

---

[1] Defendant does not identify which listed exhibits are cumulative of Exhibit Nos. 95-98.

amendment of the Final Pretrial Order not allowed to add Exhibit Nos. 95-98 to Plaintiff's Exhibit List.  *See, e.g.*, *Stone v. City of Wheat Ridge Colo.*, No. 07-cv-00004-WYD-KLM, 2008 WL 4059892, at *1 (D. Colo. Aug. 29, 2008) (permitting amendment where potential prejudice to the defendants could be cured, no disruption of trial would occur, and there was no evidence of bad faith).

**B.     Addition of Six Witnesses**

Plaintiff seeks leave to add six witnesses to its Witness List: David Casady ("Mr. Casady"); Janice Lee ("Ms. Lee"); David Wenthold ("Mr. Wenthold"); Scott Osborne ("Mr. Osborne"); Brian Flemming ("Mr. Flemming"); and Carl Smith ("Mr. Smith").  *See Motion* [#146] at 4-5.  Plaintiff asserts that Defendants identified 273 of Armstrong Steel's customers as of mid-2011.  *See id.* at 3.  The six witnesses named here are customers of Armstrong Steel who are willing to testify at trial with respect to "Defendants' use of Plaintiff's name in their advertising and/or Defendants' false advertising and deceptive trade practices."  *Id.*  More specifically, all six witnesses would testify "regarding Armstrong's false advertising . . . that induced them to do business with Armstrong, and regarding deceptive sales pitches used by Armstrong Steel."  *Id.* at 4.  Further, three of the six would testify "regarding how they searched the internet for General Steel and saw Defendants' advertising and were redirected to Armstrong Steel's false advertising and website."  *Id.*

Plaintiff asserts that these witnesses were not identified as part of the Final Pretrial Order because of the time involved in contacting the 273 customers identified by Defendants and discovering which customers would be willing to testify.  *See id.* at 3. Plaintiff also asserts that during the course of contacting these customers, "gross discovery abuse" was uncovered, in that Defendants did not produce "extensive incriminating emails

and documents exchanged with their customers." *Id.* at 3.  In short, Plaintiff states that it "did not have the time and resources to contact all of [the 273 customers] prior to the Final Pretrial Conference." *Id.* at 3-4.

Plaintiff asserts that these witnesses qualify as rebuttal witnesses "because Defendants have denied, and will certainly continue to deny at trial, that they have misled their customers with their false advertising and deceptive sales practices/sales pitches over the telephone." *Motion* [#146] at 6.  However, Plaintiff seeks to call these witnesses during its case-in-chief and asserts that not permitting them to testify then would be manifestly unjust because:

> Defendants withheld from production in this case the key and incriminating documents in their customer files and customer emails.  These six witnesses have now sent Plaintiff copies of their email communications and other documents exchanged with Armstrong Steel.  Despite Plaintiff repeatedly requesting these documents in discovery from Defendants and Defendants [sic] false representation that these documents had been produced, it is evident from the customers' files that Defendants produced only selective documents and withheld the incriminating documents they did not want Plaintiff to obtain.

*Id.* at 6-7.

Defendants state that Plaintiff has been aware of Ms. Lee and Mr. Wenthold since December 1, 2010, when Plaintiff's counsel "inspected six (6) banker's boxes containing Armstrong Steel's customer sales files and sales notes produced in response" to a request for production.  *Response* [#160] at 2.  Defendants state that Ms. Lee's and Mr. Wenthold's customer files, both of which contained accurate contact information, were among the files which Plaintiff's counsel identified and received copies.  *See id.*  Defendants further state that Plaintiff has been aware of Mr. Casady, Mr. Osborne, Mr. Flemming, and Mr. Smith since the third week in July 2011, at which time Defendants supplemented their responses

to Plaintiff's requests for production to include more customer files and contact information. *See id.* at 2-3. Defendants also point out that discovery in this matter ended on September 1, 2011. *See id.*

Considering the first two *Koch* factors, which address the potential prejudice to Defendants, Plaintiff argues that there is no prejudice or surprise to Defendants "because these six witnesses are their own customers who will testify regarding Defendants' own advertising and sales practices – moreover, as shown above due to Defendants' deceptive document productions they should be estopped to claim any prejudice." *Motion* [#146] at 8. Defendants argue that Plaintiff should have disclosed these witnesses as possible witnesses in both an amendment to its Fed. R. Civ. P. 26(a) disclosures and in the Final Pretrial Order since these six were disclosed by Defendants as customers in December 2010 and July 2011. *See Response* [#160] at 5.

The Court finds that Defendants would be prejudiced by the addition of six new witnesses to Plaintiff's case-in-chief at this late date. Although they are Defendants' customers, Defendants had no way of knowing how many and which customers would testify until Plaintiff filed the Motion in late February 2012. Defendants have not had an opportunity to depose these witnesses and may not be able to fully cure such prejudice simply "by speaking with their own customers regarding their anticipated trial testimony," as Plaintiff asserts. *Motion* [#146] at 8. This prejudice could be cured by permitting Defendants to depose the six witnesses, should they so choose. However, turning to the third *Koch* factor, the Court finds that the orderly and efficient trial of the case would be disrupted by allowing depositions at this late date. *See Motion* [#146] at 8. The Trial Preparation Conference is set for April 27, 2012 and the Jury Trial is set for May 14, 2012,

and thus the imminence of trial precludes taking the depositions of new witnesses at this late date.  Finally, considering the fourth *Koch* factor, the Court finds no bad faith on the part of Plaintiff.  Although the timeliness of Plaintiff's request and the diligence with which it pursued communications with these potentials witnesses may have been improved upon, there is no evidence that Plaintiff's late request is a product of bad faith.

In sum, considering the *Koch* factors and Plaintiff's expected use of these same witnesses as rebuttal witnesses, the Court finds that Plaintiff has failed to demonstrate that amendment of the Final Pretrial Order is necessary to prevent manifest injustice.  *See, e.g.*, *Canales v. Nicholson*, 177 Fed. App'x 834, at *6-7 (10th Cir. 2006) (affirming denial of motion to amend final pretrial order to allow expert witness where trial was scheduled in two weeks, no time for opposing party to cure prejudice, case had originally been filed three years earlier, and need for new expert not expected).  Further, because the Court finds that Plaintiff has failed to carry its burden with respect to the addition of these witnesses, Plaintiff's request to add Exhibit Nos. 99-120 in connection with these witnesses as part of its case-in-chief is also denied.

### IV.  Conclusion

Based on the aforementioned reasoning,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#146] is **DENIED in part and GRANTED in part**.  The Motion is **granted** to the extent that is seeks leave to add Exhibit Nos. 95-98 to its Exhibit List.  The Motion is **denied** with respect to all other relief sought.

IT IS FURTHER **ORDERED** that Plaintiff shall file an Amended Exhibit List in accordance with this Order **no later than April 23, 2012**.

Dated: April 16, 2012

                            BY THE COURT:

                            */s/ Kristen L. Mix*

                            Kristen L. Mix
                            United States Magistrate Judge