IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION,
a Colorado limited liability company,

       Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, d/b/a ARMSTRONG
STEEL CORPORATION,

       Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

       This matter is before the Court on Defendants' **Motion to Strike the Affidavits of**

**Charles Oh and Randy Stock and Preclude Presentment and Consideration at Trial,**

**at Hearings or on Motions** [Docket No. 148; Filed March 1, 2012] (the "Motion").  On

March 26, 2012, Plaintiff filed a Response [#164], and on April 6, 2012, Defendants filed

a Reply [#183].  The Motion is thus ripe for resolution.

## I.  Background

       On October 18, 2011, Defendants filed a Motion for Summary Judgment [#95].  On

November 14, 2011, Plaintiff filed a Response to the Motion for Summary Judgment [#114],

attaching the Affidavit of Charles Oh ("Mr. Oh") as Exhibit No. 7 [#114-9], and the Affidavit

of Randy Stock ("Mr. Stock") as Exhibit No. 8 [#114-10].  *See also Ex. 2, Aff. of Stock*

[#150].  In the pending Motion [#148], Defendants seek: 1)  an order striking the affidavits

-1-

of Mr. Oh and Mr. Stock; 2) an order precluding Plaintiff from using Mr. Oh and Mr. Stock as witnesses or from using any information they have provided in any further motion, hearing, or trial; and 3) an order requiring Plaintiff to pay Defendants' reasonable expenses, including attorney's fees, caused by Plaintiff's alleged failure to properly present the affidavits of Mr. Oh and Mr. Stock. *See Motion* [#148] at 1-2.

According to his affidavit, Mr. Oh is the owner of Oh Studios, LLC and a full-time digital strategist for Plaintiff. *See Ex. 1, Aff. of Oh* [#149] at 3. He specializes in search engine marketing and forensic information technology analysis. *Id.* In his role as digital strategist for Plaintiff, he performs online market research with respect to the pre-engineered steel building industry. *See id.* In the affidavit, he expresses an opinion about Plaintiff's brand recognition within the pre-engineered steel building industry based on his analyses of four search engine rankings. *See id.* at 3-4.

Mr. Stock is a Vice President of Sales and Marketing at BlueScope Buildings North America, Inc. ("BlueScope"). *See Ex. 2, Aff. of Stock* [#150] at 3. Mr. Stock states that two of BlueScope's business divisions are among the largest pre-engineered steel building manufacturers in the United States; that Plaintiff is both a competitor with and vendor to BlueScope; and that BlueScope is therefore "very familiar" with Plaintiff and "and the role it has played for the past 16 years in the pre-engineered steel building industry." *Id.* at 4. Mr. Stock also expresses an opinion about the name "General Steel" and the term "general steel" as known and used within the industry. *See id.*

## II. Analysis

### A.    Whether Mr. Oh and Mr. Stock Are Expert Witnesses

Defendants argue that Mr. Oh and Mr. Stock were not disclosed as witnesses in

Plaintiff's Fed. R. Civ. P. 26(a) and 26(e) disclosures.  They argue that Mr. Oh and Mr. Stock should have been disclosed pursuant to Fed. R. Civ. P. 26(a)(2), which governs disclosures related to expert witnesses.  In connection with this argument, Defendants argue that Plaintiff has already identified two expert witnesses, the maximum number permitted by the Scheduling Order, and thus that Plaintiff is precluded from designating Mr. Oh and Mr. Stock as two additional expert witnesses.[1]  Alternatively, Defendants argue that Mr. Oh and Mr. Stock should have been disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), which governs disclosure of "each individual likely to have discoverable information."   In response, Plaintiff argues that Mr. Oh and Mr. Stock are not expert witnesses and that, because they were identified in deposition testimony as possibly having discoverable information, Plaintiff was under no obligation to supplement its disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) and 26(e).

The Court first turns to the question of whether Mr. Oh or Mr. Stock is an "individual likely to have discoverable information" or whether each is an expert witness.  With respect to expert witnesses, Fed. R. Civ. P. 26(a)(2)(A) states that, "a party must disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[2]  With respect to the opinions of a lay witness, Fed. R. Evid. 701 permits "a lay witness to testify in the form of opinions or inferences

---

[1] The Scheduling Order limited each side in this matter a total of two expert witnesses.  *See Scheduling Order* [#20] at 6.  The Final Pretrial Order entered on November 17, 2011 listed Greg Taylor and Chris Kidwell as "Expert Witnesses Who Will Be Present At Trial" for Plaintiff.  *See Final Pretrial Order* [#119] at 18.

[2] Fed. R. Evid. 702 governs "Testimony by Expert Witnesses."  Fed. R. Evid. 703 governs "Bases of an Expert's Opinion Testimony."  Fed. R. Evid. 705 governs "Disclosing the Facts or Data Underlying an Expert's Opinion."

drawn from [his] observations when testimony in that form will be helpful to the trier of fact." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988). A lay witness's opinions are limited to those that are: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

The Tenth Circuit has held that testimony provided by a witness is expert testimony if the testimony is "based on technical or specialized knowledge," regardless of whether the witness is designated as an expert or fact witness. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011). In *James River*, the Tenth Circuit held that the testimony offered by the witness was expert testimony because it included opinions and judgments that required professional experience outside the scope of lay opinion; because the witness had professional experience and could better explain the relevant complex analysis than a person without such experience; because the witness's testimony relied on analysis and conclusions in a report created by an outside expert; and because the Federal Rules of Evidence considered the type of testimony proffered to be expert opinion. *See id.* at 1214-15.

In this case, Mr. Oh specializes in internet search engine marketing and forensic information technology analysis. *See Ex. 1, Aff. of Oh* [#149] at 3. He bases his opinions on his analysis of four separate search engine rankings to determine the degree of brand recognition acquired by Plaintiff in the pre-engineered steel building industry. *See id.* at 3-4. As part of his affidavit, he defines keywords such as "SEO" and "Organic Traffic." *See id.* at 4. To determine the degree of brand recognition, he relies on data collected by "third-

party, open source platforms" such as Google Analytics and SEO Rankings.  *See id.* at 4-5.

In light of Mr. Oh's affidavit, the Court finds that Mr. Oh's testimony would be inadmissible pursuant to Fed. R. Evid. 701.  First, the subject matter of his testimony is clearly "scientific, technical, or other specialized knowledge" pursuant to Fed. R. Evid. 701(c) "that would not be understood by an ordinary person."  *See Water Pik, Inc. v. Med-Systems, Inc.*, No. 10-cv-01221-PAB-CBS, 2012 WL 27596, at *3 (D. Colo. Jan. 5, 2012). Second, Mr. Oh's testimony does not explain simple analysis "that anyone with a grade-school education could understand."  *Id.* (citing *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114 (10th Cir. 2005)).  Instead, his testimony includes analysis outside the purview of an average person.  Third, Mr. Oh's testimony falls under Fed. R. Evid. 702 because it necessarily relies on opinions derived from his specialization in search engine marketing and forensic information technology analysis.  The Court therefore finds that Plaintiff is attempting to provide expert testimony through Mr. Oh's affidavit, and, therefore, that Mr. Oh is an expert witness.  *See, e.g.*, *Water Pik, Inc.*, 2012 WL 27596, at *3 (finding the same with respect to an expert who provided testimony based on "his extensive financial analysis expertise" and who "describe[d] the methods of analysis and calculations utilized and the results he obtained").

Turning to Mr. Stock, his affidavit avers that he has worked in the pre-engineered steel building industry for thirty-two years.  *See Ex. 2, Aff. of Stock* [#150] at 3.  He states that his current company, BlueScope "is engaged in the manufacturing, construction and sale of pre-engineered steel buildings" and their components and is among the "largest pre-engineered steel building manufacturers in the United States."  *Id.* at 3-4. He also states that his company is both a competitor and vendor to Plaintiff and is "very familiar" with

Plaintiff's role in the pre-engineered steel building industry over the last sixteen years.  *See id.* at 4.  He testifies about Plaintiff's name recognition among the industry's competitors, suppliers, and consumers as well as the non-use of the phrase "general steel" as a term in the pre-engineered steel building industry.  *See id.*

Mr. Stock's testimony falls within the scope of Fed. R. Evid. 702 because it necessarily includes opinion and inference derived from his extensive experience in the pre-engineered steel building industry.  *See, e.g.*, *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2011 WL 4536970, at *4 (D. Colo. Sept. 29, 2011).  Mr. Stock does not claim any personal or particularized knowledge of Plaintiff's name recognition or use of terminology outside of his experience as an industry professional.  *See, e.g.*, *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anomina v. Titan Int'l, Inc.*, 533 F.3d 555, 561 (7th Cir. 2008) (stating that the witness's "valuation attempt was based on his special experience in the tire industry, not on his personal knowledge of the goods in question").  Further, Mr. Stock's testimony is not based on his experience as an employee of Plaintiff and thus cannot be based on his "knowledge and participation in the day-to-day affairs of the business."  *See* Fed. R. Evid. 701 advisory committee note (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993)).  Mr. Stock necessarily must rely on his professional experience to make judgments about Plaintiff's name recognition and the non-use of the phrase "general steel" as a term of art in the industry.  Any "knowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701."  *James River Ins. Co.*, 658 F.3d at 1215 (quoting *United States v. Smith*, 640 F.3d 358, 365 (D.C. Cir. 2011)).  Thus, the Court finds that Plaintiff is attempting to provide

expert testimony through Mr. Stock's affidavit, and, therefore, that Mr. Stock is an expert witness.

In sum, the Court finds that both Mr. Oh and Mr. Stock are expert witnesses within the meaning of Fed. R. Civ. P. 26(a)(2) and provided expert testimony in their affidavits within the meaning of Fed. R. Evid. 702.

**B.    Disclosure of Mr. Oh and Mr. Stock as Expert Witnesses**

Having found that both Mr. Oh and Mr. Stock are expert witnesses, the Court turns to the question of whether they were properly disclosed by Plaintiff.

The Scheduling Order entered on September 8, 2010 permitted a maximum of two expert witnesses per side unless otherwise ordered by the Court. *See Scheduling Order* [#20] at 6. The deadline for designation of expert witnesses was July 15, 2011, and the deadline for designation of rebuttal expert witnesses was August 15, 2011. *See Minute Order* [#60] at 1. On November 17, 2011, the Court entered a Final Pretrial Order identifying Greg Taylor and Chris Kidwell as "Expert Witnesses Who Will Be Present At Trial" on behalf of Plaintiff. *See Final Pretrial Order* [#119] at 18. Plaintiff also listed "All Witnesses Necessary for Rebuttal and/or Impeachment," without specifying any witness by name. *See id.* at 19. Thus, neither Mr. Oh nor Mr. Stock have been designated as any type of expert witness at any point in this litigation and the deadlines to do so have long passed.

Plaintiff argues that Fed. R. Civ. P. 26(a)(2)(A) only requires it to disclose those experts that it plans to use at trial to present evidence and that Mr. Oh and Mr. Stock have not been listed as trial witnesses. *See Response* [#164] at 1. However, the language of Fed. R. Civ. P. 26(a)(2)(A) refers to "*any* [expert] witness [a party] *may* use at trial . . . ."

(emphasis added).  Plaintiff asserts that it may call Mr. Oh and/or Mr. Stock as rebuttal witnesses at trial.  *See Response* [#164] at 1-2.  Fed. R. Civ. P. 26(a)(2)(A) does not differentiate between expert witnesses called in a party's case-in-chief and expert witnesses called in rebuttal.  Mr. Oh and Mr. Stock therefore fall squarely within the language of Fed. R. Civ. P. 26(a)(2)(A).  Plaintiff was required to disclose them pursuant to that Rule's mandatory provisions.  *See Campbell v. Moon Palace, Inc.*, No. 11-60274-CIV, 2012 WL 399218, at *3-4 (S.D. Fla. Feb. 7, 2012) (finding that Fed. R. Civ. P. 26(a)(2) mandated timely disclosure of the plaintiff's rebuttal witness).

Accordingly, the Court finds that Mr. Oh and Mr. Stock have not been properly designated as expert witnesses in this matter pursuant to Fed. R. Civ. P. 26(a) or 26(e). The Court next turns to the issue of sanctions.

**C.     Sanctions**

Defendants seek the following sanctions for Plaintiff's violation of Fed. R. Civ. P. 26(a): 1)  an order striking the affidavits of Mr. Oh and Mr. Stock; 2) an order precluding Plaintiff from using Mr. Oh and Mr. Stock as witnesses or from using any information they have provided in any further motion, hearing, or trial; and 3) an order requiring Plaintiff to pay Defendants' reasonable expenses, including attorney's fees, caused by Plaintiff's failure to properly present the affidavits of Mr. Oh and Mr. Stock.  *See Motion* [#148] at 1-2.

**1.     Use of Evidence in Motions, at Hearings, and at Trial**

Fed. R. Civ. P. 37(c)(1) states, in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."  This exclusionary sanction is thus

mandatory, unless the failure to disclose was substantially justified or harmless or unless the Court finds some other sanction to be more appropriate. *See Asher v. Colgate-Palmolive Co.*, __ F.R.D. __, __, No. 10-cv-01468-MSK-KMT, 2011 WL 6934104, at *5 (D. Colo. Dec. 30, 2011); Fed. R. Civ. P. 37(c)(1). Thus, here, since Mr. Oh and Mr. Stock have not been endorsed as experts, their affidavit testimony in connection with Plaintiff's Response to Defendants' Motion for Summary Judgment may be excluded not only from consideration on Defendants' Motion for Summary Judgment, but also on other motions, at hearings, and at trial. *See Innovatier, Inc.*, 2011 WL 4536970, at *4; *see also* Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Moqi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). However, the Tenth Circuit has enumerated four factors the Court should use to guide its discretion in determining whether a Fed. R. Civ. P. 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted). The non-moving party has the burden of showing that it was substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless. *See Sender v. Mann*, 225 F.R.D. 645, 655 (D.

Colo. 2004) (citation omitted).

With respect to the first factor, Defendants first became aware that Mr. Oh and Mr. Stock were providing testimony on behalf of Plaintiff when Plaintiff filed the two affidavits in connection with its Response to Defendants' Motion for Summary Judgment on November 14, 2011 [#114]. The deadline for designation of expert witnesses was July 15, 2011 and for designation of rebuttal expert witnesses was August 15, 2011. *See Minute Order* [#60] at 1. The deadline for completion of discovery was September 1, 2011. *See id.* Thus, due to the timing of Plaintiff's use of the affidavits, Defendants did not have an opportunity to investigate Mr. Oh's and Mr. Stock's opinions, which Plaintiff relied on, in part, in its Response to Defendants' Motion for Summary Judgment. *See Response to Defendants' Motion for Summary Judgment* [#114] at 5-6.

"A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'" *Gallegos v. Swift Co.*, No. 04-cv-01295-LTB-CBS, 2007 WL 214416, at *2 (D. Colo. Jan. 25, 2007) (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)). Here, Plaintiff's timing in disclosing these expert witnesses solely through their affidavits during the pendency of a motion for summary judgment is akin to trial by ambush, only on paper. While Plaintiff is "not required to marshal all of Defendants' evidence, Rule 26(a)(1) [and, subsequently, 26(e)] disclosures must . . . allow Defendants to make intelligent decisions regarding how they will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order." *Sender*, 225 F.R.D. at 656 (citation omitted). *See also D.L. v. Unified School Dist. No. 497*, 270 F. Supp. 2d 1217, 1241 (D. Kan. 2002), *vacated on other grounds by D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223 (10th Cir. 2004) ("Plaintiffs' failure to make the required disclosures . . . undermined defendants'

ability to conduct discovery as related to the [ ] witnesses," and was thus prejudicial). Defendants simply had no opportunity to determine how to utilize their allotted discovery regarding the expert witnesses identified by affidavit in Plaintiff's Response to Defendants' Motion for Summary Judgment, due to the timing of the evidence submitted only after the discovery deadline passed.

Moreover, "delay and mounting attorneys fees can equate to prejudice." *Sender*, 225 F.R.D. at 656 (citing *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)). Allowing Mr. Oh and Mr. Stock's affidavits to stand would necessitate the re-opening of discovery, in order to permit Defendants to properly address the recently disclosed evidence. As such, the Court finds that the first factor weighs in favor of finding that the affidavits were not substantially justified or harmless, because Defendant was indeed prejudiced, in terms of time, money, and effort, by the delayed notice of the affidavits' contents.

Turning to the second and third factors, the Trial Preparation Conference is set for April 27, 2012 and the Jury Trial is scheduled to begin on May 14, 2012. At this point, there is minimal time to cure by re-opening discovery for the limited purpose of deposing Mr. Oh and Mr. Stock. However, Defendants became aware of the affidavits of Mr. Oh and Mr. Stock on November 14, 2011, the date when Plaintiff filed its Response to Defendants' Motion for Summary Judgment. Yet, Defendants waited three-and-a-half months to file the present opposed Motion. This aging matter has required significant expenditure of judicial resources, and rewarding either Plaintiff or Defendants with the re-opening of discovery and prolonged adjudication of Defendants' Motion for Summary Judgment would be an insult to the spirit of Fed. R. Civ. P. 1, which requires the construction of the Federal Rules "to

secure the just, speedy, and inexpensive determination of every action and proceeding."
The Court finds that although it might cure the prejudice endured by Defendants, doing so
under these circumstances is unreasonable and unwarranted.

Finally, with respect to the bad-faith factor, the Court finds no bad faith on the part
of Plaintiff.  Plaintiff's reliance on the affidavits in its Response to Defendants' Motion for
Summary Judgment was not extensive.  *See Response to Defendants' Motion for
Summary Judgment* [#114] at 5-6.  Further, although the Court has already disposed of the
argument, Plaintiff argued that Mr. Oh and Mr. Stock were lay persons who had been
identified as possessing discoverable information in depositions. *See Gallegos*, 2007 WL
214416, at *3 (plaintiff, as non-movant, bore burden to justify untimely and otherwise
deficient disclosures).  Assuming the veracity of Plaintiff's belief in its assertions, there is
no evidence that Plaintiff submitted these affidavits in bad faith.  This factor, therefore,
weighs in favor of finding that Plaintiff's submission of the two affidavits was substantially
justified and harmless.

Weighing the *Woodworker's Supply, Inc.* factors, the Court concludes that the
delayed disclosure in this case is not substantially justified or harmless.  Thus, according
to the provisions of Fed. R. Civ. P. 37(c)(1), the Court **grants** Defendants' Motion to the
extent that Defendants seek to strike the affidavits of Mr. Oh and Mr. Stock and to preclude
Plaintiff from using Mr. Oh and Mr. Stock as witnesses or from using any information they
have provided in any further motion, hearing, or trial.

### 2.    Payment of Defendants' Reasonable Expenses

Defendants also seek payment from Plaintiff of reasonable expenses, including

-12-

attorney's fees in pursuing this Motion, caused by Plaintiff's failure to earlier disclose its expert witnesses. *See Motion* [#148] at 2. Pursuant to Fed. R. Civ. P. 37(c)(1), violation of Fed. R. Civ. P. 26(a) or 26(e) may provide additional grounds for sanctions, at the discretion of the Court. Such sanctions may include "payment of the reasonable expenses, including attorney's fees, caused by the failure" of Plaintiff to identify its witnesses. Fed. R. Civ. P. 37(c)(1)(A).

Fed. R. Civ. P. 37(c) vests broad discretion in the trial court in determining other appropriate sanctions, if any. *See Woodworker's Supply, Inc.*, 170 F.3d 985, 993 (10th Cir. 1999); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions pursuant to Fed. R. Civ. P. 37(c)(1)). Here, as already noted, Defendants delayed in filing the Motion until three-and-a-half months after Plaintiff filed the affidavits on the docket. As a result, Defendants' Motion did not become ripe until April 6, 2012, a mere five weeks before trial. This undue delay prevented any meaningful attempt to cure the prejudice that Defendants incurred. Under these circumstances, the Court finds that any further award of sanctions to Defendants is unjustified.

Accordingly, the Court **denies** Defendants' Motion to the extent it seeks any sanctions other than those already granted by the Court in this Order.

### III.  Conclusion

Based on the aforementioned reasoning,

IT IS HEREBY **ORDERED** that Defendants' Motion [#148] is **GRANTED in part**. The affidavits of Mr. Oh and Mr. Stock attached as Exhibits 7 [#114-9] and 8 [#114-10] to

Plaintiff's Response to the Motion for Summary Judgement [#114] are **STRICKEN**.

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 37(c), Plaintiff is prohibited from utilizing Mr. Oh or Mr. Stock to provide evidence on any motion, at a hearing, or at trial.

IT IS FURTHER **ORDERED** that all other relief requested in the Motion is **DENIED**.

Dated:  April 20, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge