IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, d/b/a ARMSTRONG STEEL CORPORATION,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' opposed **Motion for Leave to Amend Final Pretrial Order** [Docket No. 198; Filed April 17, 2012] (the "Motion").  On April 19, 2012, the Court ordered Plaintiff to file a Response filed by April 25, 2012 and further ordered that no Reply would be permitted.  *See Minute Order* [#207].  On April 25, 2012, Plaintiff filed a Response [#228].  The Motion is thus ripe for resolution.

### I.  Background

On November 17, 2011, the Court held a Final Pretrial Conference and entered a Final Pretrial Order [#119].  In short, Defendants seek to amend the Final Pretrial Order to add one additional exhibit, primarily composed of written sales scripts recently provided to Defendants' counsel by a former employee of Plaintiff, Jim Dunsing ("Mr. Dunsing").  *See Motion* [#198] at 5; *Ex. E to Motion* [#198-5, -6, -7, -8].  Defendants further seek to add Mr.

Dunsing as an additional witness to authenticate and explain the new exhibit. *See id.* Defendants aver that these additions support their unclean hands defense to Plaintiff's claim pursuant to the Colorado Consumer Protection Act ("CCPA"). *See id.* The merits of Plaintiff's CCPA claim and the applicability of Defendants' unclean hands defense are both issues on which motions for summary judgment are currently pending. *See Plaintiff's Motion for Partial Summary Judgment Regarding Unclean Hands Defense and Memorandum in Support* [#90]; *Defendants' Motion for Summary Judgment* [#95] at 16-18.

On November 30, 2010, Defendants submitted their First Set of Requests for Production of Documents to Plaintiff. *See Ex. A to Motion* [#198-1]. Defendants' First Request for Production No. 5 (the "First RFP #5") sought: "All sales scripts used by General Steel in its sales and sales training from January 2008 to present." *Id.* at 5. On January 7, 2011, Plaintiff responded to the First RFP #5 by stating: "Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, harassing and unduly burdensome." *Ex. B to Motion* [#198-2] at 5.

On February 4, 2011, Defendants submitted their Second Set of Requests for Production of Documents to Plaintiff. *See Ex. C to Motion* [#198-3]. Defendants' Second Request for Production No. 4 (the "Second RFP #4") sought: "All copies, variations, and permutations of all sales scripts generated by General Steel, whether or not actually used in sales calls, which reference: canceled frames; a "big blow-out sale;" and clearance price discounts." *Id.* at 5. Plaintiff responded to the Second RFP #4 by stating:

> Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, harassing and unduly burdensome. In addition, there is no time frame for this request and it is overly broad and irrelevant on that basis. General Steel has not used written sales scripts since 2005. Unlike Defendants, General Steel does not use

>scripts which reference canceled frames, "big blow-out sales" or clearance price discounts, nor does General Steel use these terms in its sales with the public, and most significantly for purposes of this discovery response, General Steel's sales practices are not at issue in this case and therefore this document request is not reasonably calculated to lead to the discovery of admissible evidence, overly broad, harassing and unduly burdensome. General Steel has previously produced sales scripts that were used as exhibits in the 2004 Colorado AG case.

*Ex. D to Motion* [#198-4] at 5.

Defendants' Second Request for Production No. 5 (the "Second RFP #5") sought: "All documents used by General Steel to train all employees who have contact with General Steel customers or potential customers." *Ex. C to Motion* [#198-3] at 5. Plaintiff responded to the Second RFP #5 by stating: "Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, harassing and unduly burdensome. General Steel's sales practices are not at issue in this case. General Steel sales training materials have no relevance to any issue in this case." *Ex. D to Motion* [#198-4] at 5-6. Defendants contend that Plaintiff produced no documents responsive to the First RFP #5, the Second RFP #4, or the Second RFP #5. *See Motion* [#198] at 2-3.

Defendants aver that Mr. Dunsing worked as a salesperson for Plaintiff in 2009 and 2010. *See id.* at 3. They state that he "[r]ecently" and "without solicitation" contacted counsel for Defendants and offered to provide "numerous documents that he used and/or was given when he was a salesperson at General Steel." *Id.* The documents provided by Mr. Dunsing comprise the exhibit Defendants seek to list in the Final Pretrial Order. *See id.*; *Ex. E to Motion* [#198-5, -6, -7, -8]. Defendants summarize this exhibit as containing, in part, "Mr. Dunsing's handwritten notes from his sales training at General Steel and correspondence regarding other sales tactics used by General Steel . . . ." *Motion* [#198]

at 3. The majority of the exhibit, however, is composed of "written sales scripts distributed and used by General Steel from at least 2008 through the termination of Mr. Dunsing's employment in late 2010," according to Defendants. *Id.* Defendants aver that, "[i]n large part, the written sales scripts in the Additional Exhibit contain variations of a sales pitch about which General Steel has complained in this case" and, thus, they support Defendants' unclean hands defense. *Id.* at 3-4.

Plaintiff asserts that it disclosed that Mr. Dunsing was a former employee in January and July 2011. *See Ex. 2 to Response* [#228-2]. Plaintiff also submits an e-mail from Defendants' counsel Paul Grant ("Mr. Grant"), dated April 18, 2012, in which Mr. Grant stated that, "Mr. Dunsing found me through an internet search and contacted me a year ago to discuss a matter unconnected in any way with this case." *See Ex. 1 to Response* [#228-1].

In the Motion, Defendants argue generally that "it would be manifestly unjust to prohibit Defendants from using the Additional Exhibit and from calling Jim Dunsing as a witness to authenticate and explain the Additional Exhibit in order to prove Defendants' unclean hands defense because it would reward General Steel for its discovery abuse and encourage its strategy of denying the existence of, hiding, or destroying documents unfavorable to its case." *Motion* [#198] at 5. In the Response, Plaintiff generally argues that Mr. Dunsing has long been known to Defendants' counsel and that Defendants' lack of diligence in pursuing his testimony or documents requires that the Court find that it is now too late to add the Dunsing evidence to the Final Pretrial Order.[1] *See Response*

---

[1] Plaintiff also argues that the Final Pretrial Order should not be amended because the unclean hands defense is inapplicable to the claims in this case. *See Response* [#228] at 3-4.

[#228] at 2.

The Discovery Deadline in this matter was September 1, 2012. *See Minute Order* [#60]. A Trial Preparation Conference in this matter is set for April 27, 2012, and a Jury Trial is currently scheduled for May 14, 2012. *See Order Setting Case for Trial* [#120] at 1.

## II. Analysis

The Final Pretrial Order serves the purpose of "insur[ing] the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). As such, the Federal Rules of Civil Procedure permit the amendment of a Final Pretrial Order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also Final Pretrial Order* [#119] at 8. The party seeking to amend the Final Pretrial Order bears the burden of establishing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The decision to allow such an amendment rests within the sound discretion of the trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the Tenth Circuit has directed that courts be guided by the following factors: (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the pretrial order. *Koch*, 203 F.3d at 1222.

---

Because the issue of the applicability of this defense is currently pending before the District Judge, *see Plaintiff's Motion for Partial Summary Judgment Regarding Unclean Hands Defense and Memorandum in Support* [#90], the Court will not address it here.

With respect to the first two *Koch* factors, Defendants argue that "[w]hile General Steel may be surprised that Defendants obtained the Additional Exhibit given its representations regarding the existence of such documents in discovery, it cannot be surprised as to the content of the Additional Exhibit as it obviously has—and always has had—knowledge of the existence and use of the documents that comprise the Additional Exhibit." *Motion* [#198] at 6. Defendants further argue that, accordingly, Plaintiff cannot claim prejudice and thus there is no prejudice to cure. *See id.* Plaintiff responds that less than three weeks remain before trial, leaving no time for it to cure by finding countervailing witnesses concerning "the provenance of any of Mr. Dunsing's documents or Mr. Dunsing's role and actions while a General Steel employee." *Response* [#228] at 3. The Court finds that potential prejudice to Plaintiff may be cured by allowing Plaintiff to participate in the deposition of Mr. Dunsing, and, indeed, the Court has already permitted counsel to depose him any time prior to May 1, 2012.[2] *See Minutes* [#208, #226]. *See also Gillum v. U.S.*, 309 Fed. App'x 267, 270 (10th Cir. 2009) (holding that the district court abused its discretion by fully disallowing witness's testimony based on the ability-to-cure factor and stating that "litigation should promote the finding of the truth").

With respect to the third *Koch* factor, Defendants aver that adding the additional exhibit and additional witness will not disrupt trial because its unclean hands defense has

---

[2] Plaintiff cites to the Court's previous Order denying Plaintiff's Motion to Amend Final Pretrial Order, in which the Court denied Plaintiff's request to add six additional witnesses to its case-in-chief, in part because of the lateness of the request. *See Order* [#192]. There, however, Plaintiff did not assert that any new information had become available due to discovery abuse by Defendants. Plaintiff simply asserted, in part, that the request for amendment was so late because, even though Defendants had timely disclosed their 273 customers, it took Plaintiff a lengthy period of time to contact them and discover which customers would be willing to testify. *See id.* at 5. Here, as noted, Defendants aver that they were provided the additional evidence in an unsolicited manner in March 2012.

been and continues to be an issue in this case; the additional exhibit and witness only comprise more evidence in support of its claim.  See Motion [#198] at 6.  Plaintiff argues that any attempt to cure prejudice will affect the setting of the imminent trial.  See Response [#228] at 3.  The Court agrees with Defendants.  Although the Court is aware that trial is less than three weeks away, Mr. Dunsing's prompt deposition ensures that this narrowly focused discovery need not necessarily impact the trial setting.  Moreover, both parties confuse amendment of the Final Pretrial Order with a ruling on admissibility of the evidence at trial.  Allowing the listing of new evidence in the Final Pretrial Order does not serve as a ruling that the evidence is admissible at trial, as all listed evidence is subject to appropriate objections and rulings by the District Judge.

With respect to the fourth Koch factor, Defendants aver that they have not brought the Motion in bad faith because they very recently learned of the existence of the documents at issue.  See Motion [#198] at 6.  Plaintiff argues that the extent of the bad-faith factor "cannot fully be known," but points to other unrelated instances of alleged bad faith on the part of Defendants.  See Response [#228] at 3.  The Court finds no bad faith on the part of Defendants in this instance.  Although the request is exceedingly late in these proceedings, there is no evidence that Defendants' late request to amend the Final Pretrial Order is a product of bad faith.  See Stone v. City of Wheat Ridge Colo., No. 07-cv-00004-WYD-KLM, 2008 WL 4059892, at *1 (D. Colo. Aug. 29, 2008) (finding no bad faith by a party who sought to amend the Final Pretrial Order at a late date when he alleged that he "immediately sought to add [the witness] to the Final Pretrial Order upon learning" of the importance and availability of the witness).

Considering all of the Koch factors and the facts underlying this dispute, the Court

finds that Defendants have shown that manifest injustice would occur were amendment of the Final Pretrial Order not permitted. *See, e.g., Stone*, 2008 WL 4059892, at *1 (permitting amendment where potential prejudice to the defendants could be cured, no disruption of trial would occur, and there was no evidence of bad faith). Accordingly, Defendants may amend the Final Pretrial Order to add Jim Dunsing to their Witness List and add the new exhibit [#198-5, -6, -7, -8] to their Exhibit List.

### III. Conclusion

Based on the aforementioned reasoning,

IT IS HEREBY **ORDERED** that Defendants' Motion [#198] is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendants shall file an Amended Exhibit List and an Amended Witness List in accordance with this Order **no later than May 4, 2012**.

Dated: April 26, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge