IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

# ORDER

Plaintiff General Steel Corporation ("General Steel") and defendant Armstrong Steel Corporation ("Armstrong")[1] are competitors in the prefabricated steel building market. General Steel initiated this trademark and unfair competition action on June 16, 2010. General Steel contends that Armstrong engaged in unfair competition and violated its trademark rights. Furthermore, General Steel brings federal false advertising and state law deceptive trade practices claims against Armstrong. As damages, General Steel seeks disgorgement of Armstrong's profits and statutory damages pursuant to the Lanham Act and the Colorado Consumer Protection Act. General Steel also seeks to recover the money it expended purchasing advertising aimed at countering Armstrong's advertising campaign and to enjoin Armstrong's false

---

[1] Ethan Chumley, who formed Armstrong, is also named as a defendant. The Court collectively refers to defendants as Armstrong throughout this order.

advertising.

The matter is now before the Court on defendants' motion for summary judgment [Docket No. 95] and plaintiff's motion for partial summary judgment [Docket No. 90] regarding the unclean hands defense. The motions are fully briefed and ripe for disposition.[2]

I. DISCUSSION[3]

A. **Deceptive Trade Practices**

For reasons that will become apparent, the Court will first address Armstrong's request for summary judgment on General Steel's deceptive trade practices claim. General Steel's claim is brought pursuant to the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.* A CCPA plaintiff must establish, *inter alia*, that it "suffered injury in fact to a legally protected interest." *Rhino Linings USA, Inc. v.*

---

[2]Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

[3]The Court will discuss the material facts below to the extent they are relevant to the discussion of the various claims at issue.

*Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003).[4] General Steel's CCPA claim relies on its trademark and trade secret violations.

Armstrong argues, *inter alia*, that General Steel has failed to identify any actual injury it suffered on account of the alleged deceptive trade practices. The Court agrees. Although General Steel has identified a *theory* of recovery, i.e., disgorgement of Armstrong's profits, *see* Docket No. 114 at 19 ("Plaintiff has been gravely injured; it merely seeks damages measured by Defendants' revenues rather than by losses measured by its own economic data points."), it failed to identify evidence that it in fact suffered any injury supporting an award of damages. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1135-36 (10th Cir. 2003) (affirming summary judgment against a party which failed to "develop its [damages] argument" and to present any "evidence whatsoever of loss of business or loss of profits" and instead "merely makes an argument about the appropriate measure of damages").[5] Therefore, Armstrong is entitled to summary judgment on General Steel's claim, and plaintiff's motion for partial summary judgment [Docket No. 90] regarding the unclean hands defense to the CCPA

---

[4]A CCPA claim consists of the following elements: "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA*, 62 P.3d at 146-47.

[5]General Steel notes that the CCPA provides for statutory damages. *See* Colo. Rev. Stat. § 6-1-113(2)(a)(1). It has also sought injunctive relief pursuant to the CCPA. As noted above, however, a CCPA plaintiff must have suffered an injury to proceed with a CCPA claim. *See* Colo. Rev. Stat. § 6-1-113(1)(c) ("An action under this section shall be available to any person who . . . [i]n the course of the person's business or occupation, is injured as a result of such deceptive trade practice.").

claim will be denied as moot.

### B. Trademark/Unfair Competition

General Steel contends that Armstrong's use of the phrase "General Steel Buildings" in its advertisements infringes General Steel's registered federal trademark in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and constitutes unfair competition.[6] The parties have limited their arguments to issues surrounding the validity of General Steel's mark and the likelihood of confusion between that mark and Armstrong's use of the phrases "General Steel" and "General Steel Buildings."[7]

Here, however, it does not appear that General Steel is seeking any injunctive relief arising out of the alleged trademark violations and has not identified any actual damages. *See Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 639 (7th Cir. 2003) ("To recover damages, Zelinski must show that the violation caused actual confusion among

---

[6]Pursuant to the Lanham Act, 15 U.S.C. § 1114(1), one may not, without consent:
> use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a).

[7]For General Steel to establish trademark infringement, it must establish: (1) that "General Steel Corporation" is a valid and protectable mark; (2) that Armstrong used "General Steel Buildings" in commerce without General Steel's consent; and (3) that there is a likelihood of confusion between "General Steel" and Armstrong's use of "General Steel Buildings." *See Utah Lighthouse Ministry v. Found. for Apologetic Info. and Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) ("Trademark infringement is a type of unfair competition; the two claims have virtually identical elements and are properly addressed together as an action brought under . . . section 43 of the Lanham Act."). There is no dispute that General Steel did not consent to Armstrong's use of the words "General Steel Buildings."

his customers and, as a result, he suffered actual injury.") (citation omitted); *Rainbow Play Systems, Inc. v. GroundScape Technologies, LLC*, 364 F. Supp. 2d 1026, 1032-33 (D. Minn. 2005) ("To recover money damages under the Lanham Act, a plaintiff 'must prove both actual damages and a causal link between defendant's violation and those damages.'") (citation omitted); *see also Harvey Barnett*, 338 F.3d at 1135-36.  Instead, as in regard to its CCPA claim, General Steel identifies a theory of recovery, i.e., disgorgement of profits, but not a basis for its award.  *Cf.* 15 U.S.C. § 1117(a) (providing that Lanham Act damages, including disgorgement of profits, "shall constitute compensation and not a penalty").

General Steel also seeks to recover $61,933.45 it spent to "counter" Armstrong's false advertising and use of its trademark.  See Docket No. 95 at 4, ¶ 13; Docket No. 114 at 3, ¶ 13.  This is a recognized theory of recovery.  *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1374-75 (10th Cir. 1977).  To recover such costs, however, General Steel still must establish some actual injury that warranted such corrective measures.  *See Fancaster, Inc. v. Comcast Corp.*, --- F. Supp. 2d ----, 2011 WL 6426292, at *34 (D.N.J. Dec. 22, 2011) ("To prevail on a theory of corrective advertising, a Fancaster must show that (1) the confusion caused by the defendant's mark injured the plaintiff and (2) that 'repair' of the old trademark, rather than adoption of a new one, is the least expensive way to proceed.") (citation and internal quotation marks omitted); *see also Juicy Couture, Inc. v. L'Oreal USA, Inc.*, 2006 WL 1359955, at *2 (S.D.N.Y. May 18, 2006) ("Couture has not lost profits, lost sales or suffered any damage to its reputation through Lancôme's marketing of Juicy

Wear. There is nothing for corrective advertising to correct.").

With that said, a Lanham Act plaintiff in a "case involving the use of a counterfeit mark (as defined in section 1116(d) [of Title 15 of the United States Code])" may seek statutory damages "instead of actual damages and profits." See 15 U.S.C. § 1117(c). General Steel, however, has to date sought only disgorgement of profits and its corrective advertising costs pursuant to 15 U.S.C. § 1117(a). It has yet to address whether the nature of the alleged violations in this matter implicates § 1117(c) and, if so, whether General Steel would seek statutory damages in the alternative in this case. In light of that uncertainty, and because Armstrong did not raise these issues in its motion, the Court will afford General Steel an opportunity to address them before resolving Armstrong's request for summary judgment on General Steel's trademark claim. See Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.").

### C. False Advertising

General Steel contends that Armstrong violated Section 43(a)(1)(B) of the Lanham Act, see 15 U.S.C. § 1125(a)(1)(B),[8] by falsely advertising "that [it is] a manufacturer, that [it] posess[es] environmentally controlled painting facilities, and that [its] facilities use laser-precision engineering." Docket No. 114 at 8, ¶ 28. For the

---

[8] See 15 U.S.C. § 1125 (a)(1)(B) ("Any person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.").

reasons stated above, General Steel has not identified any evidence supporting an award of actual damages. The Court, therefore, will grant Armstrong summary judgment to that extent.

General Steel, however, also seeks to enjoin Armstrong from further false advertising. To make out Lanham Act false advertising claim, one must generally show the following:

> (1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff.

*Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 980 (10th Cir. 2002).[9] However, "the Lanham Act covers statements which are both literally false and impliedly false," *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1032, 1058 (D. Kan. 2006), and, "if the statement is proved to be literally false, 'a violation may be established without evidence of consumer deception.'" *Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 708 F. Supp. 2d 1209, 1239-40 (D.N.M. 2010) (citations omitted); *cf. Balance Dynamics Corp. v. Schmitt Industries, Inc.*, 204 F.3d 683, 693 (6th Cir. 2000 ("[T]he 'literal falsity' rule has never permitted a plaintiff to recover marketplace damages without other proof that such damages occurred. Rather, this rule has been stated in suits in which the plaintiff sought injunctive relief . . . ."). Furthermore, as Armstrong points out, there is some question whether, if the statement is literally false, there is a materiality requirement. *See Sunlight Saunas*, 427 F. Supp. 2d at 1058

---

[9]There is no dispute that the statements were made in commerce.

("When defendant's advertisement is literally false, circuits differ whether plaintiff must show materiality. The Tenth Circuit has not squarely addressed the question, but the First, Second and Eleventh Circuits have required plaintiffs to prove that false or misleading statements are material.").

For purposes of resolving Armstrong's motion, the Court need not determine whether the statements must be material. Armstrong admits that it made the advertising statements identified by General Steel. As for whether these statements are materially false, Armstrong asserts a vague and unsupported denial, *see* Docket No. 126 at 6, ¶ 28, failing to offer any evidence refuting the literal falsity of the statements or to explain why, when applying the materiality requirement it proposes, statements regarding whether and how Armstrong manufactures its products are immaterial.[10] *See* Docket No. 95 at 14 ("A plaintiff may establish th[e] materiality requirement by proving that 'the defendants misrepresented an inherent quality or characteristic of the product.'" (quoting *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997)).[11] The Court will therefore deny Armstrong's request for

---

[10]Armstrong claims that General Steel has failed to demonstrate that it has been injured by any false advertising. *See Gates Corp. v. Dorman Products, Inc.*, No. 09-cv-02058-CMA-KLM, 2010 WL 381853, at *1 n.1 (D. Colo. Jan. 22, 2010) (noting that the injury element requires plaintiff to show that it "has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products") (citing *Zoller Labs., LLC v. NBTY, Inc.*, 111 F. Ap'x 978, 982 (10th Cir. 2004)). As Armstrong admits, however, "[a] Lanham Act plaintiff may be able to seek injunctive relief without evidence of injury if it can demonstrate literal falsity." *Netquote, Inc. v. Byrd*, No. 07-cv-00630-DME-MEH, 2008 WL 5225880, at *4 (D. Colo. Dec. 15, 2008) (citation omitted).

[11]*See Sunlight Saunas*, 427 F. Supp. 2d at 1061 ("The statements on the Hall/Thomas website spoke directly to product safety, quality of construction of the heaters and the saunas and plaintiff's warranty. Safety and construction are inherent

summary judgment on General Steel's false advertising claim.

Furthermore, in light of the fact that Armstrong has failed to identify any evidence refuting the literal falsity or materiality of the statements, the Court will require Armstrong to show cause why General Steel is not entitled to summary judgment on its false advertising claim. *See* Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.").

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' motion for summary judgment [Docket No. 95] is GRANTED in part, DENIED in part, and held in abeyance in part. It is further

**ORDERED** that plaintiff's deceptive trade practices claim pursuant to the Colorado Consumer Protection Act and its Lanham Act false advertising claim, to the extent it seeks money damages, are dismissed. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 56(f)(3), defendants shall show cause, on or before **Wednesday, May 9, 2012**, why plaintiff is not entitled to summary judgment on its false advertising claim. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 56(f)(3), plaintiff shall show cause, on or before **Wednesday, May 9, 2012**, why defendants are not entitled to summary judgment on its trademark and unfair competition claims on account of the absence of any actual damages.

---

characteristics of the product.").

DATED April 26, 2012.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge