IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

---

## ORDER

---

This matter is before the Court on plaintiff's motion for summary judgment [Docket No. 93] related to defendants' remaining counterclaims. The motion is fully briefed and ripe for disposition.

Plaintiff General Steel Corporation ("General Steel") and defendant Armstrong Steel Corporation ("Armstrong")[1] are competitors in the prefabricated steel building market. General Steel initiated this trademark and unfair competition action on June 16, 2010. Armstrong asserted six counterclaims arising out of Colorado law against General Steel: (1) commercial disparagement, (2) deceptive trade practices, (3) tortious interference with prospective business advantage, (4) civil conspiracy, (5) unfair competition, and (6) unjust enrichment. In an order dated June 10, 2011 [Docket No.

---

[1] Ethan Chumley, who formed Armstrong, is also named as a defendant. The Court collectively refers to defendants as Armstrong throughout this order.

67], the Court dismissed the commercial disparagement, deceptive trade practices, and civil conspiracy counterclaims. Moreover, the Court struck Armstrong's request for punitive damages.

The present motion seeks summary judgment on Armstrong's remaining counterclaims.[2] In response, Armstrong does not address General Steel's arguments regarding the failure of Armstrong to present specific evidence on required elements of its unjust enrichment and unfair competition counterclaims. *See generally* Docket No. 104; *cf. id.* at 8 (arguing only that "Armstrong has established that General engaged in intentional and improper interference with Armstrong's prospective customers and prevented the formation of contracts").[3] In light of that failure and the record before the Court, General Steel has established that it is entitled to summary judgment on those

---

[2]Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

[3]To the extent that failure is because Armstrong believes it is entitled to additional discovery, *see* Docket No. 104 at 8-10, that issue has already been addressed by the Court by its order of April 26, 2012 overruling defendants' objections [Docket No. 102] to the magistrate judge's October 11, 2011 order [Docket No. 94] denying defendants' oral motion to compel production of documents.

claims.

That leaves Armstrong's tortious interference counterclaim. As the Court has previously pointed out, see Docket No. 67 at 10, n.6, it appears that Armstrong's claim, at least as pled, is more accurately described as a claim for tortious interference with a contractual relationship rather than with prospective business advantage. See *Wasalco, Inc. v. El Paso County*, 689 P.2d 730, 732 (Colo. App. 1984) ("[T]o prove intentional interference with a contractual relationship it is necessary to show, among other elements, that there was an underlying contract between plaintiff and a third party. To prove tortious interference with a prospective contractual relationship, it is not necessary that there be an underlying contract. But there must be a showing of intentional and improper interference by the defendant which prevented formation of a contract between plaintiff and the third party.") (citations omitted). General Steel argues that Armstrong has failed to identify an underlying contract with a third party with which General Steel interfered. See Restatement (Second) of Torts § 766 (2011) ("One who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract."); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1200 (10th Cir. 2007) ("Colorado follows the Restatement with respect to the elements of both intentional interference with prospective business relations and intentional interference with contract.").

Armstrong identifies only one contract with which it alleges General Steel

interfered. *See* Docket No. 104 at 8; *see id.* at 2, ¶ 6. In support of that contention, Armstrong cites the deposition testimony of an Armstrong employee who contends that a certain unidentified customer breached a binding contract because of comments by General Steel. *See* Docket No. 93-1 at 8, Beavers Depo. at 99, ll. 7-9. Such vague testimony, which is not clearly based on personal knowledge, *see* Docket No. 93-1 at 8, Beavers Depo. at 99, ll. 11-14, is not sufficient to create a genuine dispute of material fact.[4] Furthermore, to intentionally interfere with a contract, General Steel must also have been aware of the contractual relationship. *See Krystkowiak v. W.O. Brisben Companies, Inc.*, 90 P.3d 859, 871 (Colo. 2004) ("To be liable for intentional interference with contract, a defendant must 1) be aware of a contract between two parties, 2) intend that one of the parties breach the contract, 3) and induce the party to breach or make it impossible for the party to perform the contract."). Armstrong does not cite any evidence to that effect. Because Armstrong identifies no evidence that General Steel intentionally and improperly interfered with the performance of a contract, General Steel is entitled to summary judgment to the extent Armstrong seeks to recover for intentional interference with a contractual relationship.

To the extent Armstrong claims intentional interference with prospective business advantage, General Steel is also entitled to summary judgment. "Under Colorado law, 'the crucial question in determining liability for tortious interference with

---

[4]The same employee also references two customers, with whom he was not familiar, who he "imagine[d] . . . refused to do business with [Armstrong] after hearing disparaging comments made by [General Steel]." Docket No. 93-1 at 6, Beavers Depo. at 89, ll. 6-8. This, too, is insufficient to provide a jury with a basis to conclude that any conduct by General Steel interfered with a binding contract.

4

prospective financial advantage is whether defendant's interference was intentional and improper.'" *Occusafe, Inc. v. EG&G Rocky Flats, Inc.*, 54 F.3d 618, 622 (10th Cir. 1995) (quoting *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 623 (Colo. App. 1988)). The "general rule" in Colorado, however, is that a party "cannot sue one of its competitors for intentional interference in prospective economic advantage." *Occusafe*, 54 F.3d at 622-23 (citations omitted). This "competitor's privilege provides that a defendant does not engage in improper conduct, so as to be liable for intentional interference, if: '(1) it concerns a matter of competition between the defendant and plaintiff; (2) the defendant does not employ wrongful means; (3) the action does not amount to an unlawful restraint of trade; and (4) the defendant's purpose is, at least in part, to advance its own interests.'" *Zimmer Spine, Inc. v. EBI, LLC*, No. 10-cv-03112-LTB-CBS, 2011 WL 4089535, at *5 (D. Colo. Sep. 14, 2011) (citations omitted); *see* Restatement (Second) of Torts § 768, Comment e ("The predatory means discussed in § 767, Comment c, physical violence, fraud, civil suits and criminal prosecutions, are all wrongful in the situation covered by this Section.").

In its motion, General Steel argues, among other things, that Armstrong's claim does not overcome this "competitor's privilege." *See* Docket No. 93 at 16-17.[5] It is undisputed that General Steel and Armstrong are competitors. And, Armstrong failed to address General Steel's competitive privilege argument or to otherwise identify evidence that would clearly demonstrate that the privilege is inapplicable here. The

---

[5]In *Zimmer Spine*, the court noted that "it appears that '[u]nder Colorado law, the competitor's privilege is not an element of plaintiff's claim, but an affirmative defense that must be asserted and proven by the defendant.'" 2011 WL 4089535, at *5 (citations omitted).

5

Court, therefore, concludes that General Steel is entitled to summary judgment on Armstrong's claim for intentional interference with prospective business advantage.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion for summary judgment [Docket No. 93] related to defendants' remaining counterclaims is GRANTED.  Defendants' remaining counterclaims are dismissed.

DATED April 26, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge