IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, d/b/a ARMSTRONG STEEL CORPORATION,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Preclude Presentment and Consideration of Evidence and Witnesses Disclosed on October 4, 2011 at Trial, at Hearings or on Motions** [Docket No. 108; Filed November 14, 2011] (the "Motion").  On December 5, 2011, Defendants filed a Response [#130], and on December 22, 2011, Plaintiff filed a Reply [#132].  The Motion is thus ripe for resolution.

Plaintiff General Steel Domestic Sales, LLC d/b/a/ General Steel Corporation ("General Steel") seeks to preclude the testimony of Scott Casey, Bradley J. DeGraw, and Curtis Nobles, all of whom are former employees of Plaintiff whose affidavits allege that during the course of their employment with Plaintiff, they were encouraged to make derogatory statements about Defendant Atlantic Building Systems, LLC d/b/a/ Armstrong Steel Corporation ("Armstrong") and false or misleading statements about Plaintiff's

business to potential customers. [#108-1] at ¶¶ 4-7; [#108-2] at 4-6; [#108-3] at 4-6. Mr. Nobles' affidavit further alleges that the work environment at General Steel was "unprofessional," and that he kept a journal of unprofessional events "that occurred on the sale floor." [#108-3] at ¶ 3. Plaintiff seeks to preclude use of this testimony due to Defendants' alleged failure to timely supplement their initial disclosures and discovery responses with this information prior to the close of discovery. [#108] at 4-8. Defendants assert that the affidavits are tendered in support of Defendants' unclean hands defense to Plaintiff's claim for violation of the Colorado Consumer Protection Act ("CCPA"), and to support Defendants' contention that "General Steel should be compelled to produce certain customer information so that Defendants can investigate and obtain information regarding the scope and nature of General Steel's smear campaign." [#130] at 4.

On April 26, 2012, the District Judge entered summary judgment in favor of Armstrong on General Steel's CCPA claim, and denied General Steel's motion for partial summary judgment on the unclean hands defense as moot. [#233] at 3-4; [#234]. Accordingly, the basis for Defendants' use of the affidavits and testimony at issue no longer exists, and the Motion to preclude their use is also moot.

For the reasons set forth above,

IT IS HEREBY **ORDERED** that Motion [#108] is **DENIED as moot.**

Dated: May 4, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge