IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

      Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

      Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiff's response [Docket No. 251] to the

Court's April 26, 2012 order to show cause and motion to reconsider [Docket No. 250]

the Court's April 26, 2012 partial summary judgment order.

In an April 26, 2012 order [Docket No. 233], the Court, *inter alia*, granted in part,

denied in part, and held in abeyance in part defendants' motion for summary judgment

[Docket No. 95].  The Court held in abeyance that aspect of defendants' motion seeking

summary judgment on plaintiff's trademark and unfair competition claims.  The basis for

doing so was the uncertainty regarding the bases for plaintiff's requests for relief on

those claims, as the parties had limited their summary judgment arguments to non-

damages issues.  *See* Docket No. 233 at 4-5.  The Court noted that it did not appear

that plaintiff was seeking injunctive relief, that plaintiff had not identified any actual

damages, and that plaintiff had identified a theory of recovery, i.e., disgorgement of

profits, without explaining the basis for a potential award of such relief in this case.  *See*

Docket No. 233 at 5 ("General Steel identifies a theory of recovery, i.e., disgorgement of

profits, but not a basis for its award"); *cf. Harvey Barnett, Inc. v. Shidler,* 338 F.3d 1125,

1135-36 (10th Cir. 2003).  The parties also had not addressed whether statutory

damages might be available.  Consequently, pursuant to Fed. R. Civ. P. 56(f)(3), the

Court ordered plaintiff to articulate the basis for awarding relief on its claims despite

there being no evidence of actual damages.

In response, plaintiff both responded to the order to show cause and sought

"reconsideration" of the "order" that actual damages must be proven in order to seek

disgorgement of profits under the Lanham Act.  Contrary to plaintiff's reading of the

April 26 order, the Court did not so find and it did not cite authority for such a

proposition.[1]  The Court held in abeyance that aspect of defendants' summary

judgment motion addressed to the trademark and unfair competition claims and

reached no final conclusion on these claims.  The Court also did not address a

disgorgement theory of recovery in regard to plaintiff's false advertising claim.  The

---

[1]For instance, plaintiff contends that the Court concluded, upon reliance on rulings from other circuits, that actual damages must be demonstrated prior to permitting disgorgement of profits under the Lanham Act.  Plaintiff does not explain how it reads those cases to be addressing the equitable bases for disgorging profits.  The Court cited them in reference to plaintiff's failure to demonstrate any connection between conduct by defendants and any actual damages that would support a money damages award.  That proposition does not conflict with the Tenth Circuit authority cited by plaintiff for the proposition that the equitable award of lost profits can be granted pursuant to the Lanham Act, under appropriate circumstances, in the absence of actual damages.  *See Western Diversified Servs. Inc. v. Hyundai Motors Am., Inc.*, 427 F.3d 1269, 1273 (10th Cir. 2005).  The order to show cause gave plaintiff the opportunity to articulate what, if any, basis it had to seek *any* relief on its claims.  The Court did not issue any ruling foreclosing the possibility of any such award.

Court granted defendants' motion for summary judgment on the false advertising claim only to the extent plaintiff sought to recover actual damages.  In short, there is nothing to "reconsider," and the Court therefore will deny the motion.

However, the Court has considered plaintiff's motion as part of plaintiff's response to the Court's order to show cause and finds that plaintiff identifies genuine issues of material fact regarding the nature and bases for potential relief on its trademark and unfair competition claims.  Therefore, the Court will resolve the still-pending portion of defendants' motion for summary judgment in due course.

For the foregoing reasons, it is

**ORDERED** that the Court's April 26, 2012 order for plaintiff to show cause is DISCHARGED.  It is further

**ORDERED** that plaintiff's motion to reconsider [Docket No. 250] is DENIED.


DATED May 18, 2012.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge