IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

## ORDER

This matter is before the Court on the question of whether the trial scheduled to commence on July 9, 2012 will be a jury trial or a trial to the Court. On June 22, 2012, the parties submitted briefs on that question [Docket Nos. 300, 301].

Plaintiff General Steel Domestic Sales, LLC ("General Steel") has a trademark and unfair competition claim as well as a false advertising claim against defendants Ethan Daniel Chumley and Atlantic Building Systems, LLC, doing business as Armstrong Steel Corporation (collectively, "Armstrong"). In addition to disgorgement of profits and an injunction on both claims, plaintiff seeks statutory damages on its trademark claim. General Steel contends that it has a basis for seeking statutory damages because its trademark claim involves the use of a counterfeit mark. *See* 15

U.S.C. § 1117(c). As Armstrong points out, *see* Docket No. 268,[1] General Steel's request for statutory damages, and its theory for recovering them, has never before been raised, which General Steel does not deny. *See* Docket No. 280. Instead, General Steel argues that Armstrong will not be prejudiced by its introduction to the case.

As an initial matter, General Steel has yet to seek leave to amend its pleadings or the final pretrial order to include its counterfeit theory and statutory damages request. Moreover, the Court agrees with Armstrong that it is far too late in these proceedings for General Steel to be introducing novel legal theories and forms of damages. General Steel argues that the facts that would support a counterfeit theory of recovery have been in this case for some time and, therefore, do not prejudice Armstrong. The Court is unpersuaded. *See Roberts v. Ground Handling, Inc.*, 2007 WL 2753862, at *5 (S.D.N.Y. Sep. 20, 2007) ("To require defendant to incur additional costs and to change its strategy on the eve of trial because plaintiff has concocted a new theory three years into the litigation is simply not fair and would, in a real sense, unduly prejudice defendant."). Through pleadings, discovery, and the final pretrial order, General Steel put Armstrong on notice of its claims and the corresponding damages it would seek.

---

[1] Armstrong filed a motion to reconsider [Docket No. 268] the Court's order dated May 18, 2012 [Docket No. 265]. The May 18 order concluded that General Steel had "identifie[d] genuine issues of material fact regarding the nature and bases for potential relief on its trademark and unfair competition claims." Docket No. 265 at 3. Armstrong's motion to reconsider focuses almost exclusively on whether General Steel should be permitted to seek statutory damages on a theory of counterfeiting, but fails to persuasively argue that General Steel failed to preserve its requests for injunctive relief and disgorgement of profits on its trademark claim. *See* Docket No. 119 at 3. Therefore, the Court will deny the motion to reconsider.

"Having received such notice, a defendant may conduct his trial preparation accordingly and is not required, based on the plaintiff's subsequent conduct in litigation, to anticipate future claims that a plaintiff might intend to pursue." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201-02 (2d Cir. 2007); *see Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) ("We do not believe . . . that the liberalized pleading rules permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case."). The Court will not permit the subject matter for trial become a moving target at this late stage of the proceedings. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay[ ] raising [an] issue until the "eve of trial."'") (citations omitted).

Because General Steel will not be permitted to seek statutory damages arising out of a counterfeit theory, General Steel's potential forms of recovery in this case consist of disgorgement of profits[2] and an injunction. That presents the issue of whether there is any right to a jury trial as to these forms of relief. Armstrong argues that there is no right to a jury trial on these forms of relief, and General Steel agrees.

---

[2]*Cf. Klein-Becker USA, LLC v. Englert*, 2011 WL 147893, at *10 (D. Utah Jan. 18, 2011) ("Awarding profits involves a two-step process that requires the court to determine whether the defendant's actions were either willful or in bad faith, and then to weigh the equities so as to fashion a 'remedy to meet the needs of [the] case.' The policy supporting an award of profits is to prevent the defendant's unjust enrichment, and to deter willful infringement. The defendant's profits must be shown with 'reasonable certainty.'") (footnotes and citations omitted).

Because neither party seeks to have any remaining aspect of this case tried to a jury, the Court will require the parties to file a joint stipulation to have the trial presented to the Court.[3]

For the foregoing reasons, it is

**ORDERED** that defendants' motion to reconsider [Docket No. 268] is DENIED. It is further

**ORDERED** that plaintiff is not permitted to seek statutory damages on a counterfeit theory of recovery.  It is further

**ORDERED** that, because neither party seeks to have the remaining aspects of the case tried to a jury, the parties shall file a joint stipulation to have this case tried to the Court on or before **5:00 p.m.** on **Monday, July 2, 2012**.  It is further

**ORDERED** that the parties shall file proposed findings of fact and conclusions of law complying with § IV.G. of this Court's Practice Standards on or before **12:00** p.m. on **Thursday, July 5, 2012**.

DATED June 29, 2012.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge

---

[3] The Court will resolve Armstrong's motion for summary judgment [Docket No. 95] by separate order.