IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

---

## ORDER

---

Plaintiff General Steel Domestic Sales, LLC ("General Steel") and defendants Ethan Daniel Chumley and Atlantic Building Systems, LLC, doing business as Armstrong Steel Corporation (collectively, "Armstrong") are competitors in the prefabricated steel building business.  General Steel has trademark and unfair competition claims as well as a false advertising claim against Armstrong and seeks disgorgement of profits and an injunction on its claims.

Armstrong has sought summary judgment [Docket No. 95].  In an April 26, 2012 order [Docket No. 233], the Court, *inter alia*, held in abeyance that portion of Armstrong's motion for summary judgment relating to General Steel's trademark and unfair competition claims and ordered Armstrong to show cause why summary judgment should not enter against it on General Steel's false advertising claim.  The

Court has reviewed the parties' submissions regarding these remaining issues.

In regard to General Steel's trademark and unfair competition claims, contrary to Armstrong's contention that "the record is sparse as to exactly what mark General [Steel] is alleging has been infringed," Docket No. 95 at 6, it is clear that General Steel contends that the use of the words "General Steel" infringes its protected mark on the use of "General Steel Corporation" in relation to steel buildings. General Steel's registered logo contains the trade name "General Steel Corporation," *see* Docket No. 114-1 at 6,[1] and the trademark registration separately identifies the words "General Steel Corporation" in all capital letters as a "word mark." *Id.*; *see id.* ("No claim is made to the exclusive right to use 'Steel Corporation' apart from the mark as shown."); *see also* 15 U.S.C. § 1057(b) ("A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate.").

Despite this fact, Armstrong asserts that the term "general steel" merely describes plaintiff's goods. *See* Docket No. 95 at 11-12 (addressing the strength of the mark for purposes of analyzing likelihood of confusion). The manner in which Armstrong used the phrase "General Steel" undermines that claim. It seems safe to assume that, if Armstrong considers itself a seller of "general steel" buildings, it would

---

[1] The Court notes that, in the logo, the words "General Steel" are significantly larger than the word "Corporation."

not issue advertisements instructing consumers not to buy such products. *See, e.g.*, Docket No. 95-2 at 3 ("Don't Buy General Steel"). Moreover, Armstrong apparently determined that using "General Steel" would catch the attention of consumers interested in buying General Steel Corporation products. *See* Docket No. 95-2 at 4 ("General Steel Buildings. Before You Buy General Steel Price Armstrong First!"). Armstrong has failed to establish its entitlement to judgment on the questions of whether General Steel has a protected interest in "General Steel" and whether Armstrong's use of that term is likely to confuse potential customers. Therefore, these issues shall be left for trial.

General Steel's claim for false advertising survives only to the extent it seeks injunctive relief and disgorgement of profits. Armstrong contends that the claim is now moot because it "no longer employ[s] the advertising practices complained of by General Steel, and ha[s] not done so for sometime [sic]." Docket No. 252 at 2. General Steel disputes this contention, *see* Docket No. 262 at 2, and the Court finds that Armstrong has not demonstrated that plaintiff's requests for injunctive relief on its false advertising claim is now moot.  Even assuming that Armstrong has removed all or some of the challenged statements from its website, General Steel persuasively argues that there is a significant enough risk of recurrence for the false advertising claim not to be moot.

As for the merits of the claim, the Court stated in the April 26 order that Armstrong failed to identify any evidence refuting the literal falsity or materiality of the statements "that [it is] a manufacturer, that [it] possess[es] environmentally controlled painting facilities, and that [its] facilities use laser-precision engineering." Docket No.

3

114 at 8, ¶ 28.  In response, Armstrong explains why it believes the statements, in the context in which they were made, are not literally false or material.  Although many of Armstrong's literal falsity arguments appear to conflate that analysis with materiality, the Court concludes that the fact-driven determination is best left for the trial, especially considering that General Steel identifies a number of other statements it claims support its false advertising claim.

For the foregoing reasons, it is

**ORDERED** that the remaining portion of defendants' motion for summary judgment [Docket No. 95] is DENIED.  It is further

**ORDERED** that the Court's April 26, 2012 order for defendants to show cause why summary judgment should not enter against them on plaintiff's false advertising claim is DISCHARGED.

DATED July 3, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge