IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

      Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

      Defendants.

---

**ORDER**

---

      Plaintiff General Steel Domestic Sales, LLC ("General Steel") and defendants Ethan Daniel Chumley and Atlantic Building Systems, LLC, doing business as Armstrong Steel Corporation (collectively, "Armstrong") are competitors in the prefabricated steel building business.  General Steel has trademark and unfair competition claims as well as a false advertising claim still pending against Armstrong and seeks disgorgement of profits and an injunction on its claims.  A bench trial is scheduled to commence on July 9, 2012.

      This matter is before the Court on defendants' motion *in limine* [Docket No. 298] and plaintiff's renewed motion *in limine* [Docket No. 306].

## I.  ARMSTRONG'S MOTION *IN LIMINE*

      In its trial brief, General Steel asserts that its "false advertising claim covers not only the false written website advertising by Defendants, but their commercial speech –

uniform sales presentations, which are within the scope of Plaintiff's Lanham Act claim under § 1125(a)(1)(B)." Docket No. 288 at 2. Armstrong contends that, by referencing "uniform sales presentations," General Steel is expanding its false advertising claim, as its pleadings focused entirely on the substance of Armstrong's website. In response, General Steel relies upon the following allegation in its amended complaint: "Defendants have made false or misleading descriptions of fact or false . . . representations of fact in their commercial advertising about their products or services as described above including but not limited to the allegations of paragraph 50 above." *See* Docket No. 21 at 15, ¶ 68. Paragraph 50 of General Steel's amended complaint, however, is limited entirely to alleged misrepresentations on Armstrong's website. *See* Docket No. 21 at 10-11, ¶ 50. To the extent General Steel attempted to leave the door open to later expansion of its claim by including the "not limited to" language in paragraph 68, there is no inclusion of "uniform sales presentations" in the description of General Steel's false advertising claim in the Final Pretrial Order.[1] *See* Docket No. 119 at 2-3; *see id.* at 8 ("[T]his Final Pretrial Order will control the

---

[1]Although General Steel did contend in the Final Pretrial Order that it was seeking disgorgement of profits resulting from Armstrong's "false and misleading sales scripts," Docket No. 119 at 3, it is not clear whether this is meant to refer to "uniform sales presentations." In any event, as discussed below, even though General Steel may have developed facts relating to "uniform sales presentations," it did not specifically advance them as an additional basis for its false advertising claim, a fact it essentially admits. *See generally* Docket No. 315; *see id.* at 3 ("Plaintiff is not required to give Defendants a preview of their trial brief, or to give Defendants a flowchart about how their case analytically operates."); *cf. Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1063 (2d Cir. 1979) (*"The Federal Rules of Civil Procedure carried the discovery principles of Equity into the nation's courts of law in the hope of expediting the litigation process and of transforming the sporting trial-by-surprise into a more reasoned search for truth.").

subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval of the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.").[2]

General Steel has not sought leave to amend its pleadings or the final pretrial order and, on that basis alone, there are grounds to prevent it from including the new factual allegations within its claim.  Furthermore, it is too late in the game for General Steel to be significantly redefining the scope of its claims.  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay[ ] raising [an] issue until the "eve of trial."'") (citations omitted); *Roberts v. Ground Handling, Inc.*, 2007 WL 2753862, at *5 (S.D.N.Y. Sep. 20, 2007) ("To require defendant to incur additional costs and to change its strategy on the eve of trial because plaintiff has concocted a new theory three years into the litigation is simply not fair and would, in a real sense, unduly prejudice defendant.").[3]  Because General Steel provided Armstrong with no notice that it would be supporting its false advertising claim with facts regarding anything other than the substance of Armstrong's websites, despite

---

[2]In the Final Pretrial Order, General Steel includes websites created after the commencement of this case as relevant to its false advertising claim.  *See* Docket No. 119 at 3.  Armstrong has not sought to exclude such evidence in its motion.

[3]The Court notes that it is not entirely clear what General Steel means by "uniform sales presentations," a fact that only further renders it unfair to permit it to present evidence regarding such presentations as a basis for its false advertising claim.

a more than adequate opportunity to do so, the Court will grant Armstrong's motion *in limine*.

## II. GENERAL STEEL'S RENEWED MOTION *IN LIMINE*

General Steel seeks to prevent Armstrong from asserting evidence in support of an "unclean hands" defense that it contends is now moot.[4]  Armstrong's unclean hands defense is moot to the extent it was asserted against General Steel's now-dismissed Colorado Consumer Protection Act claim.  Armstrong, however, contends that it should be permitted to assert the defense in light of General Steel's attempt to expand its false advertising claim.  As stated above, General Steel will not be permitted to expand its false advertising claim.

Armstrong also argues that it should be able to assert evidence of "unclean hands" because General Steel is seeking disgorgement of profits, which is an equitable remedy.  *See Western Diversified Serv. Inc. v. Hyundai Motor America, Inc.*, 427 F.3d 1269, 1273 (10th Cir. 2005) ("[A]n award of profits involves a two-step process: (1) a finding of willfulness or bad faith; and (2) a weighing of the equities."); *see also Mr. Elec. Corp. v. Khalil*, 2010 WL 2607214, at *2 (D. Kan. June 22, 2010) ("When weighing the equities, the court considers factors such as (1) the degree of certainty that the defendant benefitted from the unlawful conduct; (2) availability and adequacy of other

---

[4]General Steel contends that its motion is a renewal of the motion *in limine* [Docket No. 203] that it filed on April 18, 2012.  The April 18 motion was a renewal of plaintiff's April 13, 2012 motion *in limine* [Docket No. 189], which the Court struck for failure to comply with D.C.COLO.LCivR 7.1A and § III.A of my Practice Standards [Docket No. 191].  The present motion again violates D.C.COLO.LCivR 7.1A.  General Steel construes D.C.COLO.LCivR 7.1A as not applying to "renewed" motions, *see* Docket No. 314 at 1, an unsupported reading of the Local Rule.  Despite General Steel's failure to comply, the Court will consider its arguments.

remedies; (3) the role of a particular defendant in effectuating the infringement; (4) plaintiff's laches; and (5) plaintiff's unclean hands."). Although Armstrong originally pled the "unclean hands" defense to all claims, *see* Docket No. 23 (Defs' Answer) at 14, ¶ 9, it thereafter directed the defense to General Steel's now-dismissed Colorado Consumer Protection Act claim. *See generally* Docket No. 103 (where Armstrong did not argue, in response to General Steel's motion for partial summary judgment on its unclean hands defense, that the defense applied to any claim other than General Steel's CCPA claim); *see id.* at 8 ("General's CCPA claim should be barred by the doctrine of unclean hands."); Docket No. 198 at 1-2 (where Armstrong identified "unclean hands" as a defense to General Steel's CCPA claim); Docket No. 230 (Defs' First Trial Br.) at 7 ("[E]ven in the unlikely event that General Steel's CCPA claim survives Fed. R. Civ. P. 56 and 50 motions, it is barred by General Steel's unclean hands."). Furthermore, the Court treated the defense as being so limited, *see* Docket No. 234 (denying General Steel's motion for partial summary judgment on Armstrong's "unclean hands" defense as moot in light of the dismissal of General Steel's CCPA claim); Docket No. 235 at 1-2 (denying as moot General Steel's motion *in limine* requesting exclusion of certain evidence supporting Armstrong's "unclean hands" defense because "the Court dismissed plaintiff's CCPA claim, which mooted defendants' 'unclean hands' defense"); Docket No. 242 at 2 ("On April 26, 2012, the District Judge entered summary judgment in favor of Armstrong on General Steel's CCPA claim, and denied General Steel's motion for partial summary judgment on the unclean hands defense as moot. Accordingly, the basis for Defendants' use of the affidavits and testimony at issue no longer exists, and the Motion to preclude their use is also moot.") (citations omitted),

over no objection from Armstrong.[5]

Armstrong seems to be attempting to do what it accuses General Steel of doing, i.e., recasting claims and defenses.  Specifically, Armstrong appears to be trying to transform its defense to the now-dismissed CCPA claim as a basis to defend against disgorgement of profits.  General Steel has been seeking disgorgement of profits as relief for its trademark and false advertising claims since the initiation of this case.  *See* Docket No. 1 at 21, 23.  Yet, as noted above, Armstrong never indicated (until now) that it would seek to defend against that equitable relief through presentation of "unclean hands" evidence.  *See* Docket No. 309 at 5 (referring to "Defendants' defense of 'unclean hands' *to the CCPA claim*" to explain why the unclean hands defense should apply to General Steel's attempted uniform sales presentation claims) (emphasis added).

Armstrong realized, or should have realized, that the Court and General Steel were proceeding with the understanding that its unclean hands defense was limited to the CCPA claim.  If Armstrong wished to pursue the defense in relation to General Steel's trademark and false advertising claims, it should not have waited until its June 28, 2012 filing to announce that fact.  *See* Docket No. 309.  That is particularly true given that General Steel had argued, in the event the defense was not mooted, many of Armstrong's "unclean hands" witnesses should be excluded due to untimely disclosure.

---

[5]Armstrong has shown no hesitation to bring to the Court's attention those issues it believes were decided incorrectly.  *See* Docket Nos. 71, 156 (Defs' Motions for Reconsideration); Docket No. 268 (Defs' Motion for Reconsideration of Order Denying Motion for Reconsideration).

*See* Docket No. 108;[6] Docket No. 229 (Pl.'s First Trial Brief) at 7-9;[7] Docket No. 314 at 3.

In light of the foregoing, the Court concludes that Armstrong's "unclean hands" defense is now moot and that Armstrong shall not be permitted, at this late stage of the proceedings, to recast its defense as applicable to General Steel's trademark and false advertising requests for relief.

Therefore, it is

**ORDERED** that defendants' motion *in limine* [Docket No. 298] is GRANTED. General Steel may not rely upon evidence regarding "uniform sales practices" to support its false advertising claim.  It is further

**ORDERED** that plaintiff's renewed motion *in limine* [Docket No. 306] is GRANTED.  Armstrong may not present evidence of "unclean hands" in defense of General Steel's request for disgorgement of profits pursuant to its trademark and false advertising claim.

DATED July 3, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[6]In this motion, General Steel sought to exclude certain "unclean hands" witnesses.  The magistrate judge denied the motion as moot on May 4, 2012 [Docket No. 242].

[7]General Steel represents that it did not include the untimely disclosure argument in its second trial brief [Docket No. 288] because of the intervening decision mooting the "unclean hands" defense.