IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, d/b/a ARMSTRONG STEEL CORPORATION,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Sanctions Due to Defendants' Witness Tampering** [Docket No. 266; Filed May 22, 2012] (the "Motion"). Defendant filed a Verified Response on June 15, 2012 [#292], and Plaintiff filed a Reply on July 2, 2012 [#312]. The Motion is thus ripe for resolution. For the reasons set forth below, the Motion is **DENIED.**

### A. Background Information

Plaintiff asserts that Defendants' counsel tampered with a non-party witness by contacting the witness after Plaintiff subpoenaed him to testify at trial and by telling the witness that Defendant would view his trial testimony as a breach of a settlement agreement previously entered into between Defendant Armstrong Steel and the witness. Plaintiff further complains about defense counsel's "threats" to file a motion to quash the

subpoena. *Motion* [#266] at 1-4.

Defendants respond by quoting Section 4 of the settlement agreement between Defendant Armstrong Steel and the non-party witness, indicating their concern about the non-party witness' testimony in light of Plaintiff's motion to amend the final pretrial order to add the non-party as a trial witness, and explaining defense counsel's call to the witness' attorney as "a hypothetical," in which defense counsel told the witness' counsel that if the witness testified in a manner which violated the settlement agreement, Defendants "would consider [the witness] to be in breach of the Section 4 of the Settlement Agreement." Defense counsel and the witness' counsel disagreed about whether the witness had been served with a "valid" trial subpoena and, if not, whether he should testify. *Response* [#292] at 1-7.

Plaintiff replies that Defendants attempted to improperly "influence [the witness] not to testify." *Reply* [#312] at 1-3.

## B. Analysis

Unfortunately, the starting point for this analysis must be the extraordinary procedural history of this case, which is marked by both the number of contested discovery motions (sixteen, not including requests for reconsideration; *see* Docket Nos. 54, 65, 75, 78, 94, 142, 154, 157, 185, 208 and 226) and the acrimony between the parties and their counsel. The Motion at issue fits the parties' pattern of failing to exercise appropriate discretion amid disproportionate contentiousness.

Plaintiff purports to rely on 18 U.S.C. § 1512(b) and certain Colorado Rules of Professional Conduct for the relief sought in the Motion. For the reasons provided below, Plaintiff's reliance on these authorities is misplaced. Moreover, Plaintiff requests

unspecified "sanctions" as a result of Defendants' alleged improper conduct; indeed, the closest Plaintiff comes to proposing any particular sanction is its citation to a Second Circuit case, *United States v. Dennis*, 843 F.2d 652 (2d Cir. 1988), for the proposition that the "appropriate remedy is disqualification of counsel, . . .not exclusion of evidence." [#266] at 5. As a result, the Court is left with the impression that Plaintiff is seeking a quick and relatively easy way to get rid of the defense lawyers, which is not surprising in light of the demonstrated all-out war between counsel.

Regardless, Plaintiff's hopes must be dashed, as the Motion plainly lacks merit. First, as Defendants note, 18 U.S.C. § 1512(b) is a criminal statute authorizing imposition of a fine and/or prison sentence for intimidating, threatening or corruptly persuading a person with the intent to prevent his testimony or to cause him to be absent from a legal proceeding. There is no private cause of action under the statute. *Clements v. Miller,* No. 104CV02455REBBNB, 2005 WL 2085497, at *4 (D. Colo. Aug. 29, 2005); *see also Gipson v. Callahan*, 18 F. Supp. 662, 668 (W.D. Tex. 1997). Second, the Colorado Rules of Professional Conduct do not "serve as a basis for [civil] liability." *Olsen & Brown v. City of Englewood*, 889 P.2d 673, 676 (Colo. 1995). Third, even if Plaintiff argued that these authorities should inform the Court's analysis regarding the imposition of sanctions under the circumstances (which it does not), the argument would be futile, because the record is devoid of any evidence that Defendants through their counsel intended to commit a wrong. Even accepting Plaintiff's characterization of defense counsel's alleged remarks to the non-party witness or his attorney as "threats," it is not unlawful to threaten to do what one has a legal right to do. Here, at worst, Defendants threatened to sue the non-party witness for breach of contract if he testified in violation of the terms of a Settlement Agreement by

-3-

which he is apparently lawfully bound.  I decline to infer any improper motive when the evidence may be construed as showing a proper motive. Simply stated, such a communication does not violate applicable rules of professional conduct or statutes and is not a ground for imposition of sanctions.   Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#266] is **DENIED.**

Dated: July 6, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge