IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

---

## ORDER

---

    This matter is before the Court on the Motion to Consolidate Related Cases [Docket No. 344] filed by defendants Ethan Chumley and Atlantic Building Systems, LLC, doing business as Armstrong Steel Corporation ("Armstrong"), on April 17, 2013. Plaintiff General Steel Domestic Sales, LLC, doing business as General Steel Corporation ("General Steel"), takes no position on this motion.  Docket No. 344 at 1. Defendants request that the Court consolidate the instant case with a second case that General Steel filed against them on March 25, 2013.  *See General Steel Domestic Sales, LLC v. Chumley*, No. 13-cv-00769-MSK-KMT (D. Colo. Mar. 25, 2013). Defendants assert that consolidation would "promote judicial economy, conserve the parties' resources, and minimize the risk of inconsistent decisions regarding common issues of fact and law."  Docket No. 344 at 2.

    Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions

before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a)(2).  The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)).  Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Despite certain similarities between the two cases–specifically, the identity of the parties and several of the asserted legal claims–consolidation of these matters would not serve judicial economy.  First, the instant action has already been tried and is awaiting only the issuance of findings of fact and conclusions of law, while the second action, filed a little over a month ago, is in the initial stages of litigation.  Second, General Steel has asserted a number of claims in the second action that it did not raise in the first, namely, copyright infringement, anticybersquatting, defamation, intentional interference with prospective business advantage, civil conspiracy, misappropriation of trade secrets, and intentional interference with contract.  *Compare* Docket No. 21 at 12-23 *with* No. 13-cv-00769-MSK-KMT, Docket No. 1 at 14-37.  There would be limited

judicial economy in the consolidation of these claims. Third, the recently filed case concerns new factual matter that has emerged over the nine months since the trial of the first action took place. *See, e.g.*, No. 13-cv-00769-MSK-KMT, Docket No. 1 at 13, ¶ 46 ("In December 2012, Chumley commenced another attack on General Steel."), 14, ¶ 52 ("In February 2013, Defendants Chumley and Armstrong began sending a further follow-up 'Consumer Advocacy Alliance' letter to General Steel's customers."). In light of these differences, the Court's general familiarity with the subject matter would be unlikely to conserve many resources, whether of the parties or of the Court. Moreover, defendants' concern regarding inconsistent judgments, *see* Docket No. 344 at 6, is unfounded since the effect of a judgment issued in the instant action will be the same regardless of whether the matters are consolidated. The doctrine of collateral estoppel will preclude the parties from relitigating any issues decided in the first action. *See B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 439 F.3d 653, 662 (10th Cir. 2006) (collateral estoppel precludes a court from reconsidering an issue decided in a previous adjudication where (1) the issues are identical; (2) the prior action was fully adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party to the prior adjudication; and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior adjudication) (internal citations omitted).

Accordingly, it is

**ORDERED** that the Motion to Consolidate Related Cases [Docket No. 344] is DENIED.

DATED April 26, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge