IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion to Stay Execution and Enforcement of Money Judgment Pending Determination of Fed.R.Civ.P. 59 Motion [Docket No. 351] and Defendants' Motion for Approval of Cash Bond as Security for Stay Pursuant to Fed.R.Civ.P. 62(b) [Docket No. 352] filed by defendants Ethan Daniel Chumley and Atlantic Building Systems, LLC, d/b/a Armstrong Steel Corporation ("Armstrong"). On May 7, 2013, the Court ruled in favor of plaintiff General Steel Domestic Sales, LLC ("General Steel") on its claim for false advertising under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and against General Steel on its claims for trademark infringement and unfair competition. Docket No. 346 at 19-22, 31. The Court enjoined Armstrong from engaging in the specific misrepresentations for which it was found liable and awarded General Steel disgorgement of Armstrong's profits in the

amount of $243,462.00, as well as costs to be taxed by the Clerk of Court pursuant to Federal Rule of Civil Procedure 54(d)(1) and D.C.Colo.LCivR 54.1. *Id*. at 38-39.

On May 21, 2013, defendants filed the instant motions requesting that the Court stay execution of the monetary award pending its ruling on Defendants' Motion to Amend Judgment pursuant to Fed. R. Civ. P. 59. *See* Docket No. 363. Armstrong has delivered to the Clerk of Court a cashier's check for $243,462.00 and requests that the Court accept this amount as security during the pendency of the anticipated motion. *See* Docket No. 352. General Steel does not oppose a stay, but argues that the amount tendered is insufficient as it does not account for General Steel's costs, pre- or post-judgment interest, attorney's fees that General Steel is seeking pursuant to 15 U.S.C. § 1117, and costs it will likely incur on appeal. *See* Docket Nos. 354, 360, and 361.

Under Rule 62(b) of the Federal Rules of Civil Procedure, a court may stay the execution of judgment pending the resolution of a motion pursuant to Rule 59 so long as the Court fixes "appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(b)(3). Rule 62(b) is intended to preserve the status quo while protecting the prevailing party's interest in the judgment. *See Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions . . . if the court provides for the security of the judgment creditor."). Accordingly, "courts typically require security in the full amount of the judgment." *In re Apollo Grp. Inc. Sec. Litig.*, 2008 WL 410625, at *2 (D. Ariz. Feb. 13, 2008).

In contrast to a stay pending appeal, *see* Fed. R. Civ. P. 62(d), courts enjoy greater discretion to determine the sum necessary to secure a stay pursuant to Rule 62(b). *See Apollo Grp.*, 2008 WL 410625, at *1 n.1 ("If anything, due to the greater risk inherent in the longer stay under Rule 62(d), the standard governing the court's discretion in the Rule 62(b) context should be less restrictive."). "[T]he risk of adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal; that is, the post-trial motions will generally be resolved in far less time than an appeal and, therefore, the risk to plaintiffs' security is diminished." *Ireland v. Dodson*, 2009 WL 1559784, at *1 (D. Kan. May 29, 2009) (finding that a bond in the amount that jury awarded, excluding fees and costs, was sufficient to secure judgment creditor's interests during pendency of motion for new trial); *see also United States v. Melot*, 2012 WL 2914224, at *1 (D.N.M. May 23, 2012) ("both [62(b) and 62(d)] require some security for the opposing party, though Rule 62(b) does not specify the nature of the security."); *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 215 (D.S.C. 1984) ("the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal").

The Court concludes that General Steel's interest in its judgment will be adequately protected by a bond that comprises the (1) $243,462.00 disgorgement award; (2) $67.00 in post-judgment interest pursuant to 28 U.S.C. § 1961[1] for a period

---

[1] "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the

of three months, *see Int'l Wood*, 102 F.R.D. at 216 ("We include interest for three months based on a reasonable estimate of the time involved in briefing and disposition of defendants' extensive post-trial motions."); and (3) the $13,773.54 in costs taxed by the Clerk of Court. Docket No. 373. As General Steel's motions for attorney's fees and prejudgment interest [Docket Nos. 354 and 364] have not yet been decided, and are opposed, *see* Docket Nos. 354 at 1 and 364 at 1, General Steel has no protectible interest in the amounts requested therein. *See also Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC*, 2010 WL 2245580, at *1 (W.D.N.C. June 1, 2010) ("Defendant should not be required to post a bond at this time with regard to . . . attorneys fees since the Plaintiff has merely moved for such fees but there has been no determination as to the entitlement to such fees."); *see also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, No. 04-cv-00329-WYD-CBS, 2008 WL 269451, at *7 (D. Colo. Jan. 29, 2008) ("In exercising its discretion, the district court must first determine whether the award of pre-judgment interest will serve to compensate the injured party. Second, even if the award of pre-judgment interest is compensatory in nature, the district court must still determine whether the equities would preclude the award of prejudgment interest.") (internal citations omitted). Nor does it have an interest in costs not yet incurred on an appeal that has not yet been filed. Wherefore, it is

**ORDERED** that Defendants' Motion to Stay Execution and Enforcement of Money Judgment Pending Determination of Fed.R.Civ.P. 59 Motion [Docket No. 351]

---

calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The interest rate for the week of May 6, 2013 through May 12, 2013 was 0.11%. *See* http://www.federalreserve.gov/releases/h15/data.htm.

is GRANTED, but the stay shall not take effect until Armstrong posts an additional bond of $13,840.54.  It is further

**ORDERED** that Defendants' Motion for Approval of Cash Bond as Security for Stay Pursuant to Fed.R.Civ.P. 62(b) [Docket No. 352] is GRANTED as conditioned above by the posting of an additional bond for $13,840.54.

DATED June 12, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge