IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01398-PAB-KLM

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a General Steel Corporation, a Colorado limited liability company,

    Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually, and
ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation,
doing business as Armstrong Steel Corporation,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion for Review of Clerk's Taxing of Costs [Docket No. 378] filed by defendants Ethan Daniel Chumley and Atlantic Building Systems, LLC, doing business as Armstrong Steel Corporation ("Armstrong").

On May 7, 2013, the Court found in favor of plaintiff General Steel Domestic Sales, LLC, doing business as General Steel Corporation ("General Steel") on its claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). The Court awarded General Steel, *inter alia*, "costs to be taxed by the Clerk of Court under Federal Rule of Civil Procedure 54(d)(1) and D.C.Colo.LCivR 54.1. Docket No. 346 at 39. On June 11, 2013, the Clerk of Court taxed costs against defendants in the amount

of $13,773.54.[1] Docket No. 373. Defendants seek review of the costs taxed, arguing that they should be reduced by approximately eighty-five percent to account for the fact that General Steel only prevailed on one of its claims or, in the alternative, that specific costs unrelated to the claim on which General Steel prevailed should not be taxed. Docket No. 378 at 4, ¶ 6.

Federal Rule of Civil Procedure 54(d) provides that costs "should be allowed to the prevailing party" and that, on motion, a district court may review the Clerk's taxing of costs. Fed. R. Civ. P. 54(d)(1). An award of costs falls within the broad discretion of the district court, which is bounded by two principles: the prevailing party is presumptively entitled to costs and, if costs are denied, the district court must set forth a "valid reason" for the denial. *See Cantrell v. Int'l Brotherhood of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995). "[A] party need not prevail on every issue to be considered a Rule 54(d) prevailing party," although "it is not an abuse of discretion for a district court to refuse to award costs to a party that was only partially successful." *Id*. at 458, 459; *see also Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) ("in cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success").

Armstrong relies on *Bell v. Board of County Commr's of Jefferson County*, 2007 WL 1411613 (D. Kan. May 10, 2007), in support of its argument that an across-the-board reduction is appropriate because, although General Steel prevailed on its false

---

[1] This award constitutes just over seventy percent of the $19,357.17 that General Steel requested. Docket No. 353.

advertising claim insofar as it sought equitable relief, it did not prevail on its claims for deceptive trade practices, unfair competition, trademark infringement, or false advertising to the extent it sought money damages. See Docket Nos. 233 and 346. The court in *Bell* found that, although plaintiff was technically the "prevailing party" for the purposes of Rule 54(d), the defendant was nonetheless entitled to recover ninety percent of its costs to reflect the fact that it also prevailed on certain claims and that plaintiff's success was "minimal." 2007 WL 1411613, at *2. Given the interrelated nature of the claims in this case–all of which drew on the same underlying set of facts that, taken together, demonstrated willfulness on the part of Armstrong–as well as General Steel's success in securing a sizable disgorgement award, the Court declines to impose a reduction of the magnitude that Armstrong seeks. However, the Court will reduce the costs taxed by ten percent to account for the expense of litigating claims on which Armstrong ultimately prevailed. See, e.g., Docket Nos. 21 and 233.

Armstrong also requests that the Court deny costs associated with the depositions of Jeff Rhodes, Charles Stickles, David Treece, and Katherine Swire, on the basis that they did not provide testimony relevant to General Steel's false advertising claim. Docket No. 378 at 4, ¶ 6. General Steel counters that the "depositions cited by Defendants involved testimony relating to interrelated case issues." Docket No. 393 at 4. Armstrong has not provided any support–other than the fact that the identified individuals were not called to testify at trial–for its assertion that their depositions were not relevant in some measure to General Steel's false advertising claim. See Docket No. 378 at 4, ¶ 6. Accordingly, there is no basis for denying the costs associated with their depositions. See 10 Fed. Prac. & Proc. Civ.

§ 2679 (3d ed.) ("Of course, the party objecting to the clerk's taxation has the burden of persuading the court that it was improper.").

Finally, Armstrong argues that the Court should deny costs for the transcript of the April 10, 2012 discovery hearing. Docket No. 378 at 4, ¶ 6; Docket No. 321; Docket No. 353 at 28. The April 10, 2012 discovery hearing concerned General Steel's motion for discovery sanctions [Docket No. 165] in connection with its Colorado Consumer Protection Act claim. Docket No. 321 at 1. General Steel did not prevail on the motion and no sanctions were imposed. *Id*. at 2. As this motion was not related to General Steel's ultimate success on its false advertising claim, the Court will exercise its discretion to deny costs for this transcript.

Wherefore, it is

**ORDERED** that Defendants' Motion for Review of Clerk's Taxing of Costs [Docket No. 378] filed by defendants Ethan Daniel Chumley and Atlantic Building Systems, LLC, doing business as Armstrong Steel Corporation, is GRANTED in part. Plaintiff General Steel Domestic Sales, LLC, doing business as General Steel Corporation is awarded $12,166.69[2] in taxable costs.

DATED August 16, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] This amount equals ninety percent of $13,518.54, which is the $13,773.54 taxed by the Clerk of Court minus the $255.00 for the April 10, 2012 transcript.